THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL BRADLEY, Appellant. [747 NYS2d 48]

According to the evidence adduced at the trial by the prosecution, the defendant and his two codefendants entered a Queens grocery store, and proceeded to a refrigerated display case, from which they removed 40-ounce bottles of malt liquor which they concealed in their pants. When they attempted to leave the store without paying for the malt liquor, they were met by the proprietor of the store, who demanded that the three men either pay for the bottles or surrender them. One of the codefendants reached into his pocket, apparently as if to obtain money, and removed his hand in a closed fist. He punched the proprietor in the left eye, fracturing the left orbital bone. Thereafter, a melee involving the defendant and his two codefendants ensued, during which the proprietor, his wife, and a customer who came to their aid, were assaulted.

According to the testimony of the codefendant Sherwin Bowen, the store proprietor instigated the assault by handling an old wooden handsaw in a menacing manner, and by expressing a racial epithet while the trio waited to pay for their purchases. Under this version of events, the proprietor attacked one of the codefendants with the saw, prompting the melee.

Facing various charges of robbery, assault, and gang assault, the defendant asserted a justification defense (*see* Penal Law § 35.15 [1]) on the theory that any physical force used against the proprietor of the store was in defense of the proprietor's unjustified threatened use of the saw. The trial court granted the defendant's request for a simple justification charge (*see* 1 CJI[NY] PL 35.15 [1], at 858-863) concerning the use of ordinary physical force. However, the trial court determined that based upon what it perceived to be the serious physical injury sustained by the proprietor, i.e., the fractured orbital bone that required surgical repair, and the proprietor's alleged use of the saw, that a *deadly* physical force justification charge was also warranted (*see* 1 CJI[NY] PL 35.15 [2] [a], at 867-873). Over the defendant's repeated and strenuous objections, the trial court thus charged the jury, inter alia, that if it determined that the proprietor sustained a serious physical injury, then it was required to consider whether the use of deadly physical force was justified. This constituted error warranting a new trial.

Deadly physical force is defined as "physical force which, under the circumstances in which it is used, is readily capable of causing death or other serious physical injury" (Penal Law § 10.00 [11]). Serious physical injury is defined as "physical injury which creates a substantial risk of death, or which causes death or serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ" (Penal Law § 10.00 [10]). Even if the proprietor of the store sustained serious physical injury, it does not automatically follow that *deadly* physical force was used. A nondeadly push could cause a fall that might result in unintended serious injury or death, but that does not transform the use of ordinary force into the use of deadly force was used. The People's proof established only that one of the codefendants threw a single, albeit crushing punch. This was a use of ordinary, not *deadly*, physical force (*see People v Torres,* 252 AD2d 60, 65; *cf. People v Owusu,* 93 NY2d 398, 403 [fists are not dangerous instruments]).

Pursuant to the unambiguous language of Penal Law § 35.15 (2) (a), under the circumstances of the instant case,

*deadly* physical force could not be used if retreat could be made in complete safety; the trial court so charged the jury. Retreat, however, is not a condition precedent of the use of ordinary physical force in self-defense (*see Matter of Y.K.,* 87 NY2d 430, 433). Here, the trial court incorrectly focused on the severity of the injury, thereby concluding that deadly physical force was used, and it instructed the jury that the use of deadly physical force could only be justified if there was no avenue of safe retreat. However, the focus should have been on the nature of the risk created, "not [on] the consequence of [the] conduct" (*People v Magliato,* 68 NY2d 24, 29; *see People v Scott,* 224 AD2d 926; *cf. People v Samuels,* 198 AD2d 384). Inasmuch as there was no evidence that the defendant or any of his codefendants used deadly physical force, the trial court erred in delivering a deadly physical force jury charge, by which it improperly imposed upon the defendant an unwarranted duty to retreat.

Because the evidence of the defendant's guilt was not overwhelming, we conclude that the above charge error deprived the defendant of a fair trial.

The defendant's remaining contentions are without merit. Florio, J.P., S. Miller, Townes and Cozier, JJ., concur.