■ The People of the State of New York, Respondent, v Stephen E. Taylor, Appellant. [803 NYS2d 295]—

Cardona, P.J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered May 8, 2003, upon a verdict convicting defendant of the crimes of attempted murder in the second degree, criminal use of a firearm in the first degree and assault in the third degree.

Defendant was indicted and charged with a litany of crimes related to his involvement in a series of events which occurred in the City of Albany in May 2002. The events in question were set in motion on May 5, 2002, when defendant confronted Janiece Horn, the mother of their child, concerning her involvement with Mark Johnson, whom defendant believed was affiliated with a gang and was selling drugs out of Horn's home. This confrontation precipitated an argument and fistfight between defendant and Johnson, during which Johnson intimated that defendant would be killed if he again interfered with Horn or Johnson's business dealings.

Later that same day, defendant observed Johnson approaching defendant's house. In response, defendant ran into the middle of the street with a rifle, which he discharged into the air in an attempt to discourage Johnson from approaching further. Johnson retreated at that time, but returned to the neighborhood shortly thereafter in his car. Upon witnessing Johnson's return, defendant again fired his rifle into the air to frighten Johnson. When Johnson left the area, defendant also retreated, spending the afternoon and evening with his brother at his brother's home and a local tavern. Early the next morning, defendant went to Horn's residence, purportedly in an attempt to diffuse the situation. Horn and defendant argued, however, and defendant admits to having struck Horn with his fist during their altercation.

Later in the morning of May 6, 2002, defendant was on the steps of his home when he observed Johnson slowly approaching in his car. Defendant again retrieved his rifle and, as Johnson's vehicle continued to approach, defendant fired a single shot at the car, striking its windshield and causing Johnson to crash into a nearby car and eventually flee on foot. Later that same day, defendant was arrested in the Town of

Niskayuna, Schenectady County, and he thereafter provided three statements to police detailing his version of the aforementioned events.

Following a jury trial, defendant was convicted of the crimes of attempted murder in the second degree and criminal use of a firearm in the first degree in connection with the events of the morning of May 6, 2002.* As a result, defendant was sentenced, as a second felony offender, to a concurrent pair of 15-year prison terms. Defendant now appeals.

We first consider defendant's claim that County Court erroneously deprived him of a jury instruction on the defense of justification (see Penal Law § 35.15; CJI2d[NY] Justification: Use of Deadly Physical Force in Defense of a Person). In analyzing this issue, we view the evidence in a light most favorable to the accused (see People v Watts, 57 NY2d 299, 301 [1982]) and ascertain whether a jury could rationally conclude " 'that defendant reasonably believed that deadly force was being used or about to be used against him and that [he] was unable to safely retreat' " (People v Rodriguez, 306 AD2d 686, 688 [2003], lv denied 100 NY2d 624 [2003], quoting People v Counts [Q.], 214 AD2d 897, 898 [1995], lvs denied 86 NY2d 792, 800 [1995]; see generally Matter of Y.K., 87 NY2d 430, 433-434 [1996]). It is unnecessary for us to make a determination on the reasonableness of defendant's belief that Johnson was on the verge of using deadly force against him since we conclude that defendant was not entitled to a justification charge because no reasonable view of the evidence supports his claim that he had no available avenue of retreat. At the time that he fired upon Johnson's car, defendant was located on his front porch and had the ability to enter the house or escape down a nearby alleyway. At the very least, defendant was obligated to avail himself of these opportunities for safe retreat prior to resorting to the use of deadly physical force (see Penal Law § 35.15 [2] [a]; People v Russell, 91 NY2d 280, 290 [1998]; People v Gray, 300 AD2d 749, 751 [2002], lv denied 99 NY2d 582 [2003]; compare Matter of Y.K., supra at 434).

We are also unpersuaded by defendant's claims in reference to the conduct of the prosecutor at trial. Specifically, he contends that the prosecutor improperly cross-examined him concerning his opportunity to study the law—and the defense of justification in particular—while he was incarcerated in advance of trial and also impermissively insinuated during cross-examination

---

* Although not germane to the instant appeal, defendant was also convicted of assault in the third degree in connection with his altercation with Horn in the early morning hours of May 6, 2002.

and summation that defendant had fabricated his defense. Inasmuch as the prosecutor's questions and comments concerned defendant's credibility as a witness, they were constitutionally permissible (*see People v King*, 293 AD2d 815, 816-817 [2002], *lv denied* 98 NY2d 698 [2002]; *see generally Portuondo v Agard*, 529 US 61 [2000]). Moreover, to the extent that the prosecutor pushed the boundaries of propriety, we do not find his conduct so egregious as to have caused substantial prejudice to defendant (*compare People v De Vito*, 21 AD3d 696, 700-701 [2005]; *People v Russell*, 307 AD2d 385, 386-387 [2003]; *People v Tarantola*, 178 AD2d 768, 769-770 [1991], *lv denied* 79 NY2d 954 [1992]).

Mercure, Crew III, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed.