■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM JONES, Also Known as KNOWLEDGE, Appellant. [805 NYS2d 169]—

Crew III, J.P. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered January 16, 2004, upon a verdict convicting defendant of the crimes of attempted assault in the first degree, assault in the second degree and criminal possession of a weapon in the fourth degree.

Jon Anderson, a police officer with the City of Albany Police Department, lived in a public housing complex in the City of Albany where he was a "resident officer." As such, he made routine patrols around the building when off duty in an effort to curb criminal conduct. At midnight on January 28, 2003, Anderson finished his tour of duty with the police department and returned to the housing complex where he was confronted by defendant and Joseph Showers, both of whom appeared to be highly intoxicated. Defendant and Showers began assaulting Anderson, during the course of which Anderson and Showers fell to the ground. As Anderson was wrestling with Showers, defendant stabbed Anderson in the shoulder with a knife.

Defendant thereafter was indicted and charged with attempted murder, attempted assault in the first degree, assault in the second degree, criminal possession of a weapon in the fourth degree and resisting arrest. Following a jury trial, defendant was convicted of attempted assault in the first degree, assault in the second degree and criminal possession of a weapon in the fourth degree, for which he was sentenced to an aggregate term of 11 years in prison and five years of postrelease supervision. Defendant now appeals.

Defendant initially contends that County Court erred by

restricting his cross-examination of Anderson concerning prior vicious, criminal or immoral acts. We disagree. Preliminarily, we note that County Court possesses broad discretion in limiting the scope of cross-examination, particularly when dealing with acts or conduct relating to the credibility of a witness (*see People v Presha*, 190 AD2d 1005 [1993], *lv denied* 81 NY2d 891 [1993]). In that regard, a witness may be questioned about prior criminal acts where the questions are asked in good faith and with a reasonable basis in fact (*see Badr v Hogan*, 75 NY2d 629, 634 [1990]). However, the dismissal of criminal charges on the merits negates the elements of good faith and basis-in-fact (*see People v Plaisted*, 2 AD3d 906, 908 [2003], *lv denied* 2 NY3d 744 [2004]).

Here, defendant sought to cross-examine Anderson concerning a misdemeanor assault charge that was adjourned in contemplation of dismissal, as well as two aggravated harassment charges, both of which were dismissed. County Court quite properly allowed cross-examination as to the assault charge, as an adjournment in contemplation of dismissal does not constitute a dismissal on the merits, and precluded cross-examination as to the harassment charges due to the fact that the latter charges had been dismissed. As defendant failed to demonstrate that the dismissals of the harassment charges were other than on the merits, County Court properly refused to permit cross-examination in that regard (*see People v Stabell*, 270 AD2d 894 [2000], *lv denied* 95 NY2d 804 [2000]). Defendant's remaining contentions concerning County Court's limiting of his cross-examination are equally without merit given County Court's broad discretion in this regard (*see People v Hasenflue*, 252 AD2d 829, 831 [1998], *lv denied* 92 NY2d 982 [1998]).

Next, County Court charged the jury concerning the justification defense and the use of deadly physical force. Defendant contends that County Court erred in failing to charge justification for the use of ordinary physical force. We disagree.

It is clear that County Court was entitled to limit the justification instruction to that authorizing the use of deadly physical force where, as here, it can be determined, as a matter of law, that the physical force used was deadly (*see People v Mothon*, 284 AD2d 568, 569 [2001], *lv denied* 96 NY2d 865 [2001]). As has been repeatedly held, the use of a knife constitutes the use of deadly physical force as a matter of law (*see id.* at 569; *see also People v Steele*, 19 AD3d 175, 175-176 [2005], *lv denied* 5 NY3d 795 [2005]; *People v Davis*, 118 AD2d 206, 209 [1986], *lv denied* 68 NY2d 768 [1986]). Finally, we have considered defendant's remaining contentions and find them equally unavailing.

Peters, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.