Lahtinen, J.
Appeal from a judgment of the Supreme Court (Milano, J.), rendered September 30, 2011 in Schenectady County, upon a verdict convicting defendant of the crimes of assault in the third degree, reckless endangerment in the first degree, criminal possession of a weapon in the second degree (two counts) and menacing in the second degree, and of the violation of harassment in the second degree.
On September 6, 2010, defendant was involved in a verbal altercation with a female acquaintance, victim A, threatening her with gun violence. That evening, a second verbal altercation ensued between defendant, victim A, and her friend, victim B, where defendant again threatened gun violence. Shortly thereafter, defendant punched victim A in the face and pushed her to the ground. Victim A subsequently enlisted two of her brothers, one of whom had a baseball bat, to confront defendant and, following their arrival, victim B engaged defendant in another verbal altercation, which resulted in defendant firing a number *796 of gun shots, with one of the bullets striking victim B in the leg. Defendant fled and 47 days later a seven-count indictment was returned against him charging two counts of assault in the first degree, reckless endangerment in the first degree, two counts of criminal possession of a weapon in the second degree, menacing in the second degree and harassment in the second degree. Following a jury trial, he was acquitted of the two counts of assault in the first degree, but found guilty of the remaining five counts and assault in the third degree as a lesser included offense of the second count of assault in the first degree. He was thereafter sentenced to an aggregate prison term of 12 years and five years of postrelease supervision. Defendant now appeals contending that Supreme Court erred in denying his request for a justification charge and in instructing the jury regarding flight as evidence of guilt, and also asks this Court to reduce his sentence in the interest of justice.
We affirm. Where, as here, a defendant employs deadly physical force, a justification charge is warranted only if “ ‘ “there [is] some reasonable view of the evidence presented that [the] defendant reasonably believed that deadly force was being used or was about to be used against him [or her] and that [he or she] was unable to safely retreat” ’ ” (People v Brown, 100 AD3d 1035, 1037 [2012], lv denied 20 NY3d 1009 [2013], quoting People v Rodriguez, 306 AD2d 686, 688 [2003], lv denied 100 NY2d 624 [2003]; see People v Watts, 57 NY2d 299, 301 [1982]). Viewing the evidence in the light most favorable to defendant, there is no reasonable view of the evidence that deadly force was being used or was about to be used against him. The testimony established that victim B was unarmed and walking away from defendant when he started shooting. The testimony further established that the baseball bat possessed by one of victim A’s brothers was never raised or brandished in a threatening manner. Four witnesses testified that the bat was difficult to see because the brother had it at his side or it was hidden behind him, and two witnesses testified that they never observed a bat. Moreover, contrary to defendant’s claim, Supreme Court’s denial of the requested charge was not in any respect impermissibly premised on a finding that defendant did not affirmatively prove the defense (see generally People v McManus, 67 NY2d 541, 546-547 [1986]), but, rather, was properly based on the absence of any reasonable view of the evidence which would support it. In any event, since defendant was acquitted of both first degree assault counts, his argument that the court erred in refusing to charge justification on those counts is academic (see People v Jones, 58 AD2d 609, 610 [1977]; see also People v Almonte, 73 AD3d 531, 532 [2010], lv denied *797 15 NY3d 771 [2010]). To the extent that this argument is preserved with respect to the counts of criminal possession of a weapon, we find it to be meritless (see People v Pons, 68 NY2d 264, 267 [1986]).
We also reject defendant’s contention that Supreme Court erred in instructing the jury regarding flight as evidence of consciousness of guilt. Several witnesses testified that defendant was wearing a black and red jacket and that, following the shooting, he ran away from the scene. Additionally, a patrol officer testified that he found a red and black jacket in a parking lot located in the direction defendant was last seen traveling after the shooting. The foregoing testimony amply supports the court’s cautionary charge to the jury that defendant’s flight could be considered as evidence of consciousness of guilt (see People v Gordon, 101 AD3d 1158, 1160 [2012], lv granted 21 NY3d 912 [2013]; People v Di Bella, 277 AD2d 699, 702 [2000], lv denied 96 NY2d 758 [2001]; People v Cunningham, 222 AD2d 727, 730 [1995], lv denied 87 NY2d 1018 [1996]).
Finally, a reduction of defendant’s sentence is not warranted as Supreme Court did not abuse its discretion in imposing the sentence and we find no extraordinary circumstances in our review of the record (see People v Lozada, 35 AD3d 969, 971 [2006], lv denied 8 NY3d 947 [2007]).
Peters, P.J., McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed.