# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1223
KA 12-00718
PRESENT: SCUDDER, P.J., CENTRA, LINDLEY, SCONIERS, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

KRISTA M. GOLEY, DEFENDANT-APPELLANT.

---

KELIANN M. ARGY ELNISKI, ORCHARD PARK, FOR DEFENDANT-APPELLANT.

CINDY F. INTSCHERT, DISTRICT ATTORNEY, WATERTOWN (KRISTYNA S. MILLS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Jefferson County Court (Kim H. Martusewicz, J.), rendered March 16, 2012. The judgment convicted defendant, upon a jury verdict, of manslaughter in the first degree, criminal possession of a weapon in the fourth degree (two counts), endangering the welfare of a child (two counts), attempted assault in the second degree, perjury in the first degree and menacing in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant was convicted following a jury trial of, inter alia, manslaughter in the first degree (Penal Law § 125.20 [1]) for stabbing her boyfriend in the chest with a 12-inch steak knife and thereby causing his death. The jury acquitted defendant of murder in the second degree, as charged in the indictment. Defendant contends that the evidence is legally insufficient to support the manslaughter conviction and that the verdict with respect to that offense is against the weight of the evidence. Defendant failed to preserve for our review her contention concerning the legal sufficiency of the evidence by failing to renew her motion for a trial order of dismissal after presenting evidence (*see People v Hines*, 97 NY2d 56, 61, *rearg denied* 97 NY2d 678) and, in any event, we reject both of her contentions. With respect to the element of intent to cause serious physical injury, defendant admittedly caused the victim's death by stabbing him in the chest with a knife, and "the jury could infer from defendant's conduct that [s]he intended to cause [such] injury" (*People v Almonte*, 7 AD3d 324, 325, *lv denied* 3 NY3d 670, citing *People v Steinberg*, 79 NY2d 673, 685).

With respect to defendant's proffered justification defense, there is no dispute that the victim was unarmed when stabbed by defendant, and the evidence at trial established that he was not using

or attempting to use deadly physical force against her at the time. Although defendant told the police that the victim was about to strike her with a "hammer fist" when she stabbed him, we note that even a "crushing punch" is a "use of ordinary, not *deadly*, physical force" (*People v Bradley*, 297 AD2d 640, 641, *lv denied* 99 NY2d 556).  We note that defendant conceded during her grand jury testimony, which was admitted in evidence at trial, that she told at least five fellow inmates in jail that the victim was so drunk on the night in question that he could barely stand but that she was nevertheless going to pursue a strategy of self-defense.  Defendant also testified before the grand jury that, although she told the police that she stabbed the victim in self-defense, the victim essentially stabbed himself by pushing her hand toward his chest.  That claim of an inadvertent stabbing was not included in the lengthy statement defendant gave to the police and was inconsistent with the trial testimony of the two witnesses who observed the incident.  Thus, based upon our independent review of the evidence pursuant to CPL 470.15 (5), and viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we are satisfied that the jury's rejection of the justification defense was not contrary to the weight of the evidence (*see People v Romero*, 7 NY3d 633, 643-644).

We reject defendant's further contention that she was deprived of a fair trial by prosecutorial misconduct.  Defendant failed to preserve for our review her contention that the prosecutor engaged in misconduct when, during the direct examination of a jailhouse informant, she asked the witness whether the witness notified a correction officer that defendant spoke to her about "the murder." The record establishes that County Court sustained defense counsel's objection to the prosecutor's use of the word "murder" and defense counsel did not seek further relief, such as a curative instruction or a mistrial (*see People v Tolbert*, 283 AD2d 930, 931, *lv denied* 96 NY2d 908; *see also People v McCovery*, 254 AD2d 751, 751, *lv denied* 92 NY2d 1051).  We note in any event that the indictment charged defendant with murder, and it was the People's theory of the case that she intentionally killed the victim.  Defendant also contends that the prosecutor engaged in misconduct by stating during her summation that defendant, in holding up a stool to ward off the victim, was "like a lion tamer."  Defendant herself used that same language in describing her actions during her interview with the police, and we cannot conclude that it was improper for the prosecutor to describe defendant's actions in the same manner.  We have reviewed defendant's remaining challenges to the alleged instances of prosecutorial misconduct and conclude that none has merit.

We reject defendant's contention that she was deprived of effective assistance of counsel at trial because, among other reasons, her attorney failed to pursue a psychiatric defense.  The record establishes that defense counsel filed a motion seeking to require Jefferson County to pay for a psychological evaluation of defendant, and the court granted the motion.  There is no indication in the record that the results of that evaluation supported a psychiatric defense or that defendant otherwise suffered from a mental disease or defect.  To the extent that defendant relies on matters outside the

record on appeal in support of her contention, her remedy is by way of a CPL 440.10 motion (*see People v Cobb*, 72 AD3d 1565, 1567, *lv denied* 15 NY3d 803; *People v Shorter*, 305 AD2d 1070, 1071, *lv denied* 100 NY2d 566).

Although defendant also contends that defense counsel did not object to the court's increasing bail at arraignment on the indictment, the record establishes that defense counsel stated at the time that defendant was indigent and could not afford the bail as previously set, i.e., $50,000 cash or $100,000 bond.  In any event, defense counsel was not required to make an objection that had little or no chance of success (*see People v Caban*, 5 NY3d 143, 152).  Here, when bail was initially set in local court, defendant was charged with manslaughter in the second degree, and an increase in bail was justified by the fact that the indictment, unlike the felony complaint, charged defendant with murder in the second degree.  We further conclude that defense counsel was not ineffective in failing to renew her motion for a trial order of dismissal, nor was defense counsel ineffective for failing to object to the alleged instances of prosecutorial misconduct.  Because the evidence is legally sufficient to support the conviction, renewal of the motion for a trial order of dismissal had " 'little or no chance of success' " (*id.; see People v Galens*, 111 AD3d 1322, 1323) and, as noted, the prosecutor did not engage in misconduct.

In sum, "the evidence, the law and the circumstances of [this] case, viewed together and as of the time of representation, reveal that meaningful representation was provided" (*People v Satterfield*, 66 NY2d 796, 798-799; *see generally People v Baldi*, 54 NY2d 137, 147), particularly in light of the fact that defense counsel obtained an acquittal on the top count of the indictment, charging murder in the second degree.

Finally, contrary to defendant's contention, the police did not engage in "improper tactics," and thus defendant was not thereby deprived of due process.

Entered:  January 3, 2014                    Frances E. Cafarell
                                             Clerk of the Court