Stein, J.
Appeals (1) from a judgment of the County Court of Rensselaer County (Jacon, J.), rendered September 18, 2008, upon a verdict convicting defendant of the crimes of manslaughter in the second degree and criminal possession of a weapon in the third degree, (2) from a judgment of said court, rendered September 18, 2008, which revoked defendant’s probation and imposed a sentence of imprisonment, and (3) from a judgment of said court, rendered November 13, 2008, which resentenced defendant.
During the early afternoon hours of May 10, 2007, defendant’s brother engaged in a fistfight with a friend of the victim, during which defendant and the victim also fought and defendant allegedly struck the victim in the head with a brick. The following day, the victim and two friends were walking up the street and encountered defendant, his brother and two of their friends. The victim approached that group and confronted defendant about the previous day’s events. Defendant refused to engage in a conversation about the incident and the victim and his friends continued up the street. Shortly thereafter, defendant and his group headed back down the street and the victim and his friends followed. The victim again approached defendant and the two briefly exchanged words, after which defendant stabbed the victim twice with a knife and then fled. As a result of the stab wounds, the victim died a short time later.
Thereafter, defendant was indicted for murder in the second degree and criminal possession of a weapon in the third degree. Defendant was tried by a jury and, at the close of the proof, sought a justification instruction. County Court granted defendant’s request for such instruction with respect to the murder charge over the People’s objection. The court also granted defendant’s request to charge the jury with the lesser included offenses of manslaughter in the second degree and criminally negligent homicide. Following deliberations, the jury found defendant not guilty with respect to the murder charge, but found him guilty of manslaughter in the second degree and criminal possession of a weapon in the third degree.
Prior to sentencing, defendant moved pursuant to CPL 330.30 to set aside the verdict on the ground that the court erred by failing to charge the jury with the justification defense with re *1110 spect to the lesser included offenses. At sentencing, County Court denied defendant’s motion and, after defendant admitted to his conviction of a prior felony, sentenced him to an aggregate prison term of 6 to 15 years. Defendant thereafter admitted to violating previously-imposed conditions of probation and was sentenced to an additional three-year prison term followed by two years of postrelease supervision, to be served consecutively to the sentence for defendant’s instant crimes. Defendant appeals from the judgment of conviction for the instant crimes, as well as from the finding that he violated his probation. County Court subsequently determined that the original sentence was contrary to statute and resentenced defendant to an aggregate prison term of l112 to 15 years for the instant crimes, with no change to the sentence imposed for his violation of probation. Defendant also appeals from his resentencing.
We affirm. We first address defendant’s contention that the evidence was legally insufficient and that his conviction was against the weight of the evidence. Preliminarily, we note that defendant’s challenge to the legal sufficiency of the evidence was not preserved for our review, as he failed to renew his motion to dismiss on that ground at the close of all proof (see People v Menegan, 107 AD3d 1166, 1169 [2013]; People v Lapi, 105 AD3d 1084, 1085 n 1 [2013], lv denied 21 NY3d 1043 [2013]). Nevertheless, whether the elements of the crimes charged were adequately proven is necessarily evaluated in our weight of the evidence review (see People v Simmons, 111 AD3d 975, 977-978 [2013], lv denied 22 NY3d 1203 [2014]; People v Menegan, 107 AD3d at 1169; People v Bjork, 105 AD3d 1258, 1259-1260 [2013], lv denied 21 NY3d 1040 [2013], cert denied 571 US —, 134 S Ct 1306 [2014]). With respect to that inquiry, where a different verdict would not have been unreasonable, this Court must “weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony” (People v Tinkler, 105 AD3d 1140, 1141 [2013], lv denied 21 NY3d 1020 [2013] [internal quotation marks and citations omitted]; see People v Bleakley, 69 NY2d 490, 495 [1987]; People v Tubbs, 115 AD3d 1009, 1010 [2014]), according appropriate deference to the jury’s “ ‘opportunity to view the witnesses, hear the testimony and observe demeanor’ ” (People v Tompkins, 107 AD3d 1037, 1038 [2013], lv denied 22 NY3d 1044 [2013], quoting People v Bleakley, 69 NY2d at 495; accord People v Cridelle, 112 AD3d 1141, 1143 [2013]).
Here, the jury heard from both of the victim’s friends who witnessed the incident and testified that, as the victim approached defendant and the two began to argue, defendant hit *1111 the victim using a stabbing motion, after which the victim bled profusely. Any inconsistencies between that testimony and statements originally given by these witnesses to the police were thoroughly explored through cross-examination at trial and presented credibility issues for the jury to determine (see People v O’Daniel, 105 AD3d 1144, 1147-1148 [2013], lv granted 21 NY3d 1018 [2013]; People v McCray, 102 AD3d 1000, 1003-1004 [2013], affd 23 NY3d 193 [2014]). Further, the county medical examiner testified that the victim suffered two stab wounds to the left side of his torso, one of which made a small perforation in his stomach and the other of which went completely through his heart, resulting in his death. In addition, a knife was found in close proximity to the crime scene and the DNA profile of a blood stained swab from the blade matched both defendant and the victim, while defendant’s DNA was also found on the handle. An acquaintance of defendant also testified that defendant ran past him around the time of the incident, looked scared and stated to his brother that he had “killed that son of a bitch.” Another witness, who was incarcerated with defendant at the county jail, testified that defendant had bragged about the crime and stated that he was going to make up a story that he had stabbed the victim in self-defense. Such evidence demonstrated that defendant, unprovoked by any physical aggression on the part of the victim, struck him twice in the torso with a knife and the inferences that may be drawn from that evidence were sufficient to support a finding that defendant intended to use the knife unlawfully (see People v Brown, 100 AD3d 1035, 1036-1037 [2012], lv denied 20 NY3d 1009 [2013]; People v Purvis, 90 AD3d 1339, 1340 [2011], lv denied 18 NY3d 997 [2012]) and that he consciously disregarded the substantial and unjustifiable risk that stabbing the victim would result in the victim’s death (see People v DiBella, 277 AD2d 699, 700-701 [2000], lv denied 96 NY2d 758 [2001]; see e.g. People v George, 43 AD3d 560, 564 [2007], affd 11 NY3d 848 [2008]). Accordingly, we are not persuaded that the jury’s verdict was against the weight of the evidence.
We are similarly unpersuaded by defendant’s contention that his right to a fair trial was compromised by County Court’s failure to instruct the jury to consider the justification defense with respect to the charges of manslaughter in the second degree and criminally negligent homicide. Initially, we note that this issue was not preserved for our review because defendant did not timely object to the jury charge as given (see People v Hawkins, 110 AD3d 1242, 1244 [2013], lv denied 22 NY3d 1041 [2013]; People v Fauntleroy, 108 AD3d 885, 887 [2013], lv denied 21 *1112 NY3d 1073 [2013]; People v Ryan, 46 AD3d 1125, 1127-1128 [2007], lv denied 10 NY3d 939 [2008]). Nonetheless, defendant now requests that we exercise our interest of justice jurisdiction and take corrective action. Inasmuch as we agree with the People that defendant was not entitled to a justification charge in the first instance, we conclude that no corrective action is warranted.
A justification charge must be given “if there is any reasonable view of the evidence, when it is considered in the light most favorable to the defendant, that would allow the jury to conclude that the defendant’s actions were justified” (People v Powell, 101 AD3d 1369, 1370-1371 [2012], lv denied 21 NY3d 1019 [2013]; see People v Mariano, 101 AD3d 1367, 1368 [2012]; People v Boyd, 97 AD3d 898, 900 [2012]). As relevant here, for a defendant to be entitled to a justification charge with respect to the use of deadly physical force, the record must contain evidence that the defendant reasonably believed that the victim was using or was about to use deadly physical force and that the defendant could not safely retreat (see Penal Law § 35.15 [2] [a]; People v Watts, 57 NY2d 299, 301 [1982]; People v Bell, 108 AD3d 795, 796 [2013], lv denied 22 NY3d 995 [2013]; People v Hartman, 86 AD3d 711, 712 [2011], lv denied 18 NY3d 859 [2011]).
Here, the strongest evidence relied upon by defendant to show that he might have been in danger of deadly physical force was the testimony of a nearby resident who saw the victim shortly before the incident carrying a glass bottle and heard him state that he “should go down there and bust this bottle over [defendant’s] head.” Notably, however, there is nothing in the record to suggest that defendant saw the bottle or heard the victim’s statement. Moreover, the witness further testified that she saw the victim walk down the hill and catch up with defendant’s group and that he did not smash the bottle, after which she lost sight of the group. Indeed, the only testimony regarding the events immediately preceding the stabbing came from the victim’s two friends, whose testimony indicated that defendant’s attack was sudden and seemingly unprovoked. Thus, even were the jury to have rejected those accounts as unreliable, the fact remains that the record is completely devoid of evidence that defendant reasonably believed that he was in imminent danger of being subjected to deadly physical force or that he did not have the opportunity to safely retreat. Accordingly, defendant was not entitled to a justification instruction with regard to any of the charged offenses (see People v Bell, 108 AD3d at 796; People v Grady, 40 AD3d 1368, 1372 [2007], lv *1113 denied 9 NY3d 923 [2007]; People v Taylor, 23 AD3d 693, 694 [2005], lv denied 6 NY3d 818 [2006]; People v Siler, 288 AD2d 625, 628 [2001], lv denied 97 NY2d 709 [2002]).
Lastly, we reject defendant’s contention that the sentence imposed was harsh and excessive. Despite this Court’s broad authority to modify a sentence, we will not disturb a legal sentence in the absence of extraordinary circumstances or an abuse of discretion (see People v Warner, 110 AD3d 1339, 1340 [2013], lv denied 22 NY3d 1091 [2014]; People v Kendall, 91 AD3d 1191, 1193 [2012]). Here, defendant’s record reveals increasing criminality, including a prior assault charge and a drug possession charge while on probation, and the instant offense—which took the life of his 17-year-old victim—was committed less than three months after defendant was placed on intensive supervision. Upon our review of the entire record, we do not find extraordinary circumstances requiring a reduction of the sentence in the interest of justice. Defendant’s remaining contentions have been considered and found to be without merit.
Peters, PJ., Garry, Egan Jr. and Clark, JJ., concur.
Ordered that the judgments are affirmed.