# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1155**
**KA 13-02110**
PRESENT: SCUDDER, P.J., CENTRA, CARNI, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

DARDREQUEZ HAYNES, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (KAREN C. RUSSO-MCLAUGHLIN OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (ANTHONY M. ROSSI OF COUNSEL), FOR RESPONDENT.

--------------------------------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), rendered September 10, 2013. The judgment convicted defendant, upon a nonjury verdict, of assault in the second degree (two counts), criminal possession of a weapon in the third degree and possession of burglar's tools.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him after a nonjury trial of, inter alia, two counts of assault in the second degree (Penal Law § 120.05 [2]), defendant contends that the evidence is legally insufficient to support the assault convictions because the People did not adequately prove the element of intent and failed to disprove his defense of justification. By failing to move for a trial order of dismissal " 'specifically directed' " at the purported legal insufficiency of the evidence, however, defendant failed to preserve that contention for our review (*People v Hawkins*, 11 NY3d 484, 492, quoting *People v Gray*, 86 NY2d 10, 19).

Defendant further contends that the verdict is against the weight of the evidence only to the extent that the People failed to disprove his justification defense beyond a reasonable doubt. We reject that contention. The use of a "knife to inflict injury upon one's victim constitutes the use of deadly physical force" (*People v Davis*, 118 AD2d 206, 209, *lv denied* 68 NY2d 768; *see People v Jones*, 24 AD3d 815, 816, *lv denied* 6 NY3d 777), and the use of deadly physical force is justifiable only when "[t]he actor reasonably believes that such other person is using or about to use deadly physical force" (Penal Law § 35.15 [2] [a]). Although one of the victims had a pocket knife secreted on his person, there is no dispute that neither victim displayed a weapon or dangerous instrument before being cut by

defendant with a knife, and the evidence at trial established that the victims were not using or attempting to use deadly physical force against defendant at the time.  Thus, viewing the evidence in light of the elements of the crime in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349), we conclude that Supreme Court's rejection of the justification defense is not against the weight of the evidence (*see People v Goley*, 113 AD3d 1083, 1084, citing *People v Romero*, 7 NY3d 633, 643-644).

Finally, defendant's sentence is not unduly harsh or severe.

Entered:  November 13, 2015                    Frances E. Cafarell
                                               Clerk of the Court