# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**937**

**KA 14-01981**

PRESENT: WHALEN, P.J., CENTRA, CARNI, CURRAN, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                  MEMORANDUM AND ORDER

MARC MADORE, DEFENDANT-APPELLANT.

---

PATRICIA M. MCGRATH, LOCKPORT, FOR DEFENDANT-APPELLANT.

NIAGARA COUNTY DISTRICT ATTORNEY'S OFFICE, LOCKPORT (THOMAS H. BRANDT OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Niagara County Court (Sara S. Farkas, J.), rendered July 17, 2014. The judgment convicted defendant, upon a jury verdict, of assault in the first degree and criminal possession of a weapon in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of assault in the first degree (Penal Law § 120.10 [1]) and criminal possession of a weapon in the third degree (§ 265.02 [1]). We reject defendant's contention that his conviction is not supported by legally sufficient evidence because the evidence of his intoxication negated the element of intent for the crimes of which he was convicted. Although there was evidence at trial that defendant consumed a significant quantity of alcohol prior to the incident, "[a]n intoxicated person can form the requisite criminal intent to commit a crime, and it is for the trier of fact to decide if the extent of the intoxication acted to negate the element of intent" (*People v Gonzalez*, 6 AD3d 457, 457, *lv denied* 2 NY3d 799; *see People v LaGuerre*, 29 AD3d 820, 822, *lv denied* 7 NY3d 814; *People v Jackson*, 269 AD2d 867, 867, *lv denied* 95 NY2d 798). Here, viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), we conclude that the evidence is legally sufficient to establish that defendant had the requisite intent (*see LaGuerre*, 29 AD3d at 822).

We reject defendant's further contention that the verdict is against the weight of the evidence because the People failed to disprove his defense of justification beyond a reasonable doubt. The justification defense "does not apply to a crime based on the possession of a weapon" (*People v Pons*, 68 NY2d 264, 265), and thus it is not applicable to the charge of criminal possession of a weapon in

the third degree.  With respect to the crime of assault in the first degree, although the victim was the initial aggressor, the People established that the victim merely challenged defendant to a "fist fight" (*see People v Goley*, 113 AD3d 1083, 1083-1084) and, as the two men began to trade blows, defendant took a knife from the victim's person and used it to stab him repeatedly (*see People v Martinez*, 149 AD2d 438, 438, *lv denied* 74 NY2d 814).  The People also established that the victim neither threatened defendant with the knife nor brandished the knife during the altercation (*see People v Haynes*, 133 AD3d 1238, 1239, *lv denied* 27 NY3d 998).  Thus, viewing the evidence in light of the elements of the crime of assault in the first degree as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the jury's rejection of the justification defense is not against the weight of the evidence (*see Haynes*, 133 AD3d at 1239; *Goley*, 113 AD3d at 1084; *see generally People v Comfort*, 113 AD2d 420, 425, *lv denied* 67 NY2d 760).

Defendant contends that his conviction of assault in the first degree must be reversed because it was based upon the same evidence offered in support of the charge of attempted murder in the second degree, but the jury returned a verdict of not guilty on that charge. We note that, although defendant frames this as a challenge to the legal sufficiency of the evidence, he is in fact contending that the verdict is repugnant.  Defendant failed to preserve that contention for our review because he "failed to object to the alleged repugnancy of the verdict before the jury was discharged" (*People v Spears*, 125 AD3d 1401, 1402, *lv denied* 25 NY3d 1172).  In any event, defendant's contention is without merit.  "[A] conviction will be reversed [as repugnant] only in those instances where acquittal on one crime as charged to the jury is conclusive as to a necessary element of the other crime, as charged, for which the guilty verdict was rendered" (*People v Tucker*, 55 NY2d 1, 7, *rearg denied* 55 NY2d 1039; *see People v McLaurin*, 50 AD3d 1515, 1516).  Contrary to defendant's contention, "the verdict acquitting . . . defendant of attempted murder [in the second degree] is not conclusive as to the necessary elements" of assault in the first degree, of which he was convicted (*People v Brown*, 158 AD2d 528, 529, *lv denied* 76 NY2d 731).

We reject defendant's further contention that the conviction of assault in the first degree is not supported by legally sufficient evidence and the verdict is against the weight of the evidence with respect thereto because the People failed to establish that he intended to cause serious physical injury (*see* Penal Law § 120.10 [1]).  It is well established that criminal intent may be inferred from the totality of the circumstances (*see People v Mike*, 283 AD2d 989, 989, *lv denied* 96 NY2d 904).  Intent may also be inferred from the natural and probable consequences of defendant's conduct (*see People v Roman*, 13 AD3d 1115, 1115, *lv denied* 4 NY3d 802).  Here, the People presented evidence establishing that defendant took a knife from the victim and used it to stab the victim multiple times, causing "life-threatening" injuries.  We therefore conclude that the evidence is legally sufficient to sustain the conviction of assault in the first degree, inasmuch as there is a "valid line of

reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial" (*People v Bleakley*, 69 NY2d 490, 495).  Moreover, although defendant testified that the victim initially attacked him with the knife and that the victim had been injured by an "inadvertent stabbing" committed in self-defense, the verdict is not against the weight of the evidence because the jury was entitled to reject defendant's testimony and credit the testimony of the victim and an eyewitness that the victim did not use a knife against defendant (*see Goley*, 113 AD3d at 1084; *People v Thomas*, 105 AD3d 1068, 1070-1071, *lv denied* 21 NY3d 1010; *see generally Bleakley*, 69 NY2d at 495).

With respect to the conviction of criminal possession of a weapon in the third degree, we reject defendant's contention that the conviction is based upon legally insufficient evidence and is against the weight of the evidence because the People failed to disprove his defense of temporary lawful possession of the weapon.  "[A] person may be found to have had temporary and lawful possession of a weapon if he or she took the weapon from an assailant in the course of a fight" (*People v Hicks*, 110 AD3d 1488, 1488, *lv denied* 22 NY3d 1156), but in such circumstances there must be "facts tending to establish that, once possession has been obtained, the weapon had not been used in a dangerous manner" (*People v Williams*, 50 NY2d 1043, 1045).  Here, the evidence establishing that defendant possessed the knife for the purpose of inflicting serious physical injury to the victim and that he did not immediately turn over the weapon to the police is "utterly at odds with [defendant's] claim of innocent possession . . . temporarily and incidentally [resulting] from . . . disarming a wrongful possessor" (*People v Snyder*, 73 NY2d 900, 902 [internal quotation marks omitted]; *see People v Robinson*, 63 AD3d 1634, 1635, *lv denied* 13 NY3d 799).  We therefore conclude that the evidence is legally sufficient to support the conviction of criminal possession of a weapon in the third degree (*see generally Bleakley*, 69 NY2d at 495), and that, viewing the evidence in light of the elements of the crimes as charged to the jury (*see Danielson*, 9 NY3d at 349), the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

Entered:  December 23, 2016                    Frances E. Cafarell
                                               Clerk of the Court