■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JONATHAN N. KERLEY, Appellant. [63 NYS3d 538]—

McCarthy, J.P. Appeal from a judgment of the County Court of Saratoga County (Murphy III, J.), rendered July 1, 2016, upon a verdict convicting defendant of the crimes of assault in the second degree and criminal possession of a weapon in the third degree.

On the night in question, defendant was at a bar in Saratoga County. After partially hearing a comment that the victim made to someone else, defendant approached the victim, pulled out a knife and slashed at him, cutting his hand. Following trial, a jury convicted defendant of assault in the second degree and criminal possession of a weapon in the third degree. County Court sentenced him to five years in prison and 1½ years of postrelease supervision for his assault conviction and 1⅔ to 5 years in prison for his criminal possession of a weapon conviction, with the sentences to run concurrently. Defendant appeals.

County Court did not err in precluding defendant from calling two witnesses who were not present at the time of the incident. Defendant sought to call two men who were in the bar earlier in the evening to obtain testimony that would at-

tack the bartender's credibility by contradicting her testimony regarding whether she was drinking and whether bar patrons were getting boisterous. The court properly determined that the proposed testimony would be collateral because it had "no direct bearing on any issue in the case other than the credibility of" a witness (*People v Blanchard*, 279 AD2d 808, 811 [2001], *lv denied* 96 NY2d 826 [2001]), and "[t]he general rule is that a party may not introduce extrinsic evidence on a collateral matter solely to impeach credibility" (*People v Alvino*, 71 NY2d 233, 247 [1987]; *see People v DeFreitas*, 116 AD3d 1078, 1081 [2014], *lv denied* 24 NY3d 960 [2014]). Thus, the court properly precluded the proffered testimony as irrelevant (*see People v Brown*, 107 AD3d 1145, 1147-1148 [2013], *lv denied* 22 NY3d 1039 [2013]).

County Court properly declined defendant's request to charge the jury regarding the justification defense. Although, when determining whether to give such a charge, the court must view the evidence in the light most favorable to the defendant, a court should not submit the justification defense to the jury "when no reasonable view of the evidence would support" that defense (*People v Watts*, 57 NY2d 299, 301 [1982]). Defendant swung a knife at the victim, which constituted deadly physical force as a matter of law "because it was 'readily capable' of causing death or serious injury, regardless of the degree of injury he actually intended or inflicted" (*People v Lugg*, 124 AD3d 679, 680 [2015], *lv denied* 25 NY3d 990 [2015]; *see People v Harden*, 134 AD3d 1160, 1164 n 2 [2015], *lv denied* 27 NY3d 1133 [2016]; *People v Jones*, 24 AD3d 815, 816 [2005], *lv denied* 6 NY3d 777 [2006]). A defendant may not use deadly physical force if he or she was the initial aggressor or if he or she could have safely retreated (*see People v Peele*, 73 AD3d 1219, 1221 [2010], *lv denied* 15 NY3d 894 [2010]; *People v Ryan*, 55 AD3d 960, 963 [2008]). "As relevant here, for a defendant to be entitled to a justification charge with respect to the use of deadly physical force, the record must contain evidence that the defendant reasonably believed that the victim was using or was about to use deadly physical force and that the defendant could not safely retreat" (*People v Ramirez*, 118 AD3d 1108, 1112 [2014] [citations omitted]; *see People v Sparks*, 29 NY3d 932, 934-935 [2017]; *People v Rodriguez*, 306 AD2d 686, 688 [2003], *lv denied* 100 NY2d 624 [2003]; *see also* Penal Law § 35.15).

No reasonable view of the evidence here would support a justification defense. All of the People's eyewitnesses testified that defendant stood up and approached the victim, while the

victim stayed in place near the bar. Defendant alone testified that the victim began walking toward him, but that was only after defendant approached the victim while cursing and asking him a confrontational question. Defendant was also the first, and only, person to pull a knife; he admitted that the victim had no weapon. Hence, defendant was the initial aggressor (*see People v Watson*, 20 NY3d 1018, 1020 [2013]).

Although defendant had medical problems and testified that he was concerned that a simple punch could seriously injure him, a punch from an ordinary person does not generally constitute deadly physical force (*see People v Bradley*, 297 AD2d 640, 641 [2002], *lv denied* 99 NY2d 556 [2002]), making it unreasonable to believe that the victim was about to use deadly physical force. Additionally, all of the witnesses who were present in the bar—including defendant—testified that defendant was seated a few feet from the door, with no one blocking his egress, but he walked in the opposite direction from the door to approach and engage with the victim. Thus, defendant did not satisfy his duty to retreat (*see People v Taylor*, 23 AD3d 693, 694 [2005], *lv denied* 6 NY3d 818 [2006]). Accordingly, defendant was not entitled to have the jury charged with the justification defense (*see People v Sparks*, 29 NY3d at 934-935; *People v Bell*, 108 AD3d 795, 796 [2013], *lv denied* 22 NY3d 995 [2013]).

Defendant's arguments regarding the prosecutor's summation are unpreserved because he failed to object at trial to the comments he now challenges (*see People v Fiorino*, 130 AD3d 1376, 1380 [2015], *lv denied* 26 NY3d 1087 [2015]). To the extent that defendant alleges that counsel was ineffective for failing to object during summation, his argument is unavailing. Almost all of the prosecutor's statements constituted fair comment on the evidence or a reasonable response to the defense summation, and any remarks that may have been improper "did not rise to the flagrant and pervasive level of misconduct which would deprive defendant of due process or a fair trial" (*People v Heiserman*, 127 AD3d 1422, 1424 [2015] [internal quotation marks and citation omitted]). Similarly, regarding counsel's failure to make a specific motion to dismiss at the close of the People's case and again at the close of all the proof, counsel cannot be faulted for failing to make motions that had little or no chance of success (*see People v Bullock*, 145 AD3d 1104, 1107 [2016]).

Defendant further argues that he was deprived of the effective assistance of counsel because counsel was unprepared, and he damaged defendant's case by opening the door to his prior convictions and suppressed statements. Despite defendant's as-

sertions, counsel was prepared for trial. Counsel asked for an adjournment before his cross-examination of the victim to provide him additional time to more thoroughly explore the discrepancies between the victim's medical records and his testimony on direct examination. Nevertheless, counsel's arguments in support of his request indicated that he was already familiar with the medical records as well as the victim's grand jury testimony. When County Court denied the adjournment, counsel proceeded to vigorously cross-examine the victim. Indeed, defendant does not point to any specific deficiencies in that cross-examination. The request for additional time was an attempt to be thorough and did not indicate a lack of preparedness.

Counsel did not open the door to defendant's prior convictions. Although counsel asked defendant about the date of his criminal history, counsel explained to County Court that he thought the *Sandoval* ruling only bound the People. Counsel was trying to establish that defendant's criminal history was 25 years old, and that he had been leading a law-abiding life ever since. When the court stated that the People would then be able to inquire about the details of that criminal history, counsel withdrew his question. Thus, the door was not actually opened, and defendant suffered no prejudice because the People were not permitted to inquire further into his criminal history.

Counsel did open the door to admission of defendant's statement to the police, which counsel had successfully moved to suppress. However, defendant has failed to show that counsel opened the door inadvertently or without a legitimate strategy, so as to render his assistance ineffective. In the suppressed statement, defendant had told the police that he "threw [the knife] back at the bar." Before trial, counsel reasonably and successfully moved to suppress the statement based on a violation of *Miranda* rights. At trial, however, the People established through other proof that defendant possessed the knife during the incident, and they asserted a theory that defendant expressed his consciousness of guilt by taking a circuitous route home and disposing of the knife during that ride. At that point, the suppressed statement was cumulative regarding defendant's possession of the knife, and not independently harmful. To counteract the People's theory that defendant may have thrown the knife out of his vehicle while driving home, so as to prevent the weapon from being located, counsel opened the door and let in the suppressed statement, which indicated that defendant left the weapon at the scene of the incident. The statement could support a defense theory that the police did

not properly investigate due to their failure to locate the weapon even though it was left at the scene. Because the record indicates that counsel opened the door purposefully as part of a legitimate defense strategy, and defendant's other arguments did not establish that counsel was ineffective, defendant has failed to show that he was deprived of meaningful representation (*see People v Taylor*, 300 AD2d 746, 748 [2002], *lv denied* 2 NY3d 746 [2004]).

Lynch, Clark, Aarons and Pritzker, JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the County Court of Saratoga County for further proceedings pursuant to CPL 460.50 (5).