Appeal from a judgment of the Erie County Court (Michael F. Pietruszka, J.), rendered October 30, 2015. The judgment convicted defendant, after a nonjury trial, of criminal possession of a controlled substance in the fifth degree.
 

 It is hereby ordered that the judgment so appealed from is unanimously affirmed.
 

 Memorandum: Defendant appeals from a judgment convicting him, upon a nonjury verdict, of criminal possession of a controlled substance in the fifth degree (Penal Law § 220.06 [5]). As defendant correctly concedes, he failed to preserve for our review his challenge to the legal sufficiency of the evidence inasmuch as he failed to renew his motion for a trial order of dismissal after presenting evidence (see People v Huitt, 149 AD3d 1481, 1482 [4th Dept 2017], lv denied 30 NY3d 950 [2017]; People v Washington, 60 AD3d 1454, 1455 [4th Dept 2009], lv denied 12 NY3d 922 [2009]). In any event, we conclude that defendant’s contention lacks merit. The evidence, viewed in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), is legally sufficient to establish that defendant committed the crime of criminal possession of a controlled substance in the fifth degree (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Contrary to defendant’s contention, the evidence is legally sufficient to establish defendant’s constructive possession of the crack cocaine (see People v Holley, 67 AD3d 1438, 1439 [4th Dept 2009], lv denied 14 NY3d 801 [2010]; People v Fuller, 168 AD2d 972, 974 [4th Dept 1990], lv denied 78 NY2d 922 [1991]). The police officers encountered defendant in the kitchen of the residence, where the crack cocaine, a scale, a plate, and a razorblade were in open view. We therefore conclude that, based upon Penal Law § 220.25 (2), the factfinder was entitled to presume that defendant knowingly possessed the crack cocaine. We further conclude that, “[ijnasmuch as the conviction is supported by legally sufficient evidence, defense counsel was not ineffective in failing to preserve defendant’s legal sufficiency challenge for our review” (People v Hill, 147 AD3d 1501, 1502 [4th Dept 2017], lv denied 29 NY3d 1080 [2017]; see People v Goley, 113 AD3d 1083, 1085 [4th Dept 2014]).
 

 Viewing the evidence in light of the elements of the crime in this nonjury trial (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495). Although defendant testified that the drugs did not belong to him and that he had minimal ties to the residence where they were found, “[g]reat deference is to be accorded to the [factfinder’s] resolution of credibility issues based upon its superior vantage point and its opportunity to view witnesses, observe demeanor and hear the testimony” (People v Martin, 122 AD3d 1424, 1425 [4th Dept 2014], lv denied 25 NY3d 951 [2015] [internal quotation marks omitted]), and we perceive no reason to disturb County Court’s credibility determinations.
 

 Contrary to defendant’s contention, the court properly refused to suppress his statements to the police. Defendant’s statements were not rendered involuntary by the fact that he may have overheard officers in another room discuss the possibility of involving Child Protective Services when they found defendant’s three-year-old child in a residence with a loaded handgun and crack cocaine (see People v Brown, 39 AD3d 886, 887 [3d Dept 2007], lv denied 9 NY3d 873 [2007]). Finally, we conclude that the sentence is not unduly harsh or severe.
 

 Present—Centra, J.P., Peradotto, Carni, DeJoseph and Winslow, JJ.