People v Williams (2019 NY Slip Op 02924)





People v Williams


2019 NY Slip Op 02924


Decided on April 18, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 18, 2019

108763

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
KASHEEM WILLIAMS, Appellant.

Calendar Date: March 26, 2019

Before: Garry, P.J., Lynch, Clark, Mulvey and Rumsey, JJ.


Rebecca L. Fox, Plattsburgh, for appellant, and appellant pro se.
J. Anthony Jordan, District Attorney, Fort Edward (Joseph A. Frandino of counsel), for respondent.



MEMORANDUM AND ORDER
Lynch, J.
Appeal from a judgment of the County Court of Washington County (McKeighan, J.), rendered June 3, 2016, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.
Defendant was indicted and charged with one count of promoting prison contraband in the first degree. Consistent with the terms of a negotiated plea agreement, defendant thereafter pleaded guilty to the reduced charge of attempted promoting prison contraband in the first degree and was sentenced as a second felony offender to the agreed-upon prison term of 1½ to 3 years. This appeal ensued.
We affirm. Defendant initially contends that he was denied the effective assistance of counsel — a claim largely premised upon defense counsel's failure to move to dismiss the indictment upon the ground that defendant was not provided with notice of the grand jury proceeding. By pleading guilty, however, defendant forfeited any claim that he was denied his right to appear before the grand jury (see People v Nieves, 166 AD3d 1380, 1381 n [2018]; People v Carlton, 120 AD3d 1443, 1444 [2014], lv denied 25 NY3d 1070 [2015]). Moreover, as this matter involved a "direct presentment" to the grand jury, defendant was not entitled to notice that a grand jury proceeding was pending (see CPL 190.50 [5] [a]); hence, even assuming that this issue was properly before us, defense "counsel cannot be faulted for failing to make [a] motion[] that had little or no chance of success" (People v Kerley, 154 AD3d 1074, 1076 [2017], lv denied 30 NY3d 1106 [2018]).
The arguments raised in defendant's pro se brief do not require extended discussion. Defendant's challenge to the voluntariness of his plea is unpreserved for our review in the absence of an appropriate postallocution motion, and given that defendant did not make any statements during the plea colloquy that cast doubt upon his guilt or otherwise called into [*2]question the voluntariness of his plea, the narrow exception to the preservation requirement was not triggered (see People v Hatch, 165 AD3d 1321, 1321-1322 [2018], lv denied 32 NY3d 1125 [2018]; People v White, 157 AD3d 1128, 1129 [2018], lv denied 31 NY3d 1018 [2018]). Defendant's related ineffective assistance of counsel claim — to the extent that it impacts upon the voluntariness of his plea — is similarly unpreserved (see People v Muller, 159 AD3d 1232, 1232 [2018]; People v Sparbanie, 158 AD3d 942, 944 [2018], lv denied 31 NY3d 1087 [2018]). The balance of defendant's ineffective assistance of counsel claim, wherein he asserts that counsel offered erroneous legal advice, pressured him to accept a guilty plea and failed to, among other things, properly investigate his case and/or effectively communicate with him, involves matters outside of the record that are, in turn, more properly pursued in the context of a CPL article 440 motion (see People v Muller, 159 AD3d at 1233; People v Goldston, 126 AD3d 1175, 1178 [2015], lv denied 25 NY3d 1201 [2015]). Defendant's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Garry, P.J., Clark, Mulvey and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.