People v Almond (2022 NY Slip Op 05428)

People v Almond

2022 NY Slip Op 05428

Decided on September 30, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, WINSLOW, AND BANNISTER, JJ.

646 KA 22-00353

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MATTHEW ALMOND, DEFENDANT-APPELLANT. 

JOSEPH A. LOBOSCO, ROCHESTER, FOR DEFENDANT-APPELLANT. 
MICHAEL D. CALARCO, DISTRICT ATTORNEY, LYONS (R. MICHAEL TANTILLO OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Wayne County Court (Richard M. Healy, J.), rendered January 20, 2021. The judgment convicted defendant upon a nonjury verdict of predatory sexual assault against a child (two counts), sexual abuse in the first degree and endangering the welfare of a child (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a nonjury verdict of, inter alia, two counts of predatory sexual assault against a child (Penal Law § 130.96), under a theory of accomplice liability (see § 20.00). Defendant's conviction stems from two incidents in which defendant's paramour engaged in oral sexual conduct with a child less than thirteen years old in defendant's presence, allegedly at defendant's urging.
Defendant contends that the evidence is legally insufficient to support the conviction because the testimony of his paramour accomplice was not supported by the requisite corroborative evidence (see CPL 60.22 [1]). That contention is not preserved for our review inasmuch as defendant did not renew his motion for a trial order of dismissal after presenting evidence (see People v Brown, 194 AD3d 1398, 1399 [4th Dept 2021], lv denied 37 NY3d 970 [2021]). In any event, we conclude that the testimony of the victim that defendant engaged in sex with the accomplice during one of the incidents, as well as a sworn statement from defendant that he was present during one of the incidents and that he found the idea of the victim being "with" his accomplice "hot," " 'tend[ed] to connect the defendant with the commission of the crime[s] in such a way as [could] reasonably satisfy the [finder of fact] that the accomplice [was] telling the truth' " (People v Reome, 15 NY3d 188, 192 [2010]; see CPL 60.22 [1]; People v Larregui, 164 AD3d 1622, 1623 [4th Dept 2018], lv denied 32 NY3d 1126 [2018]). Although the victim was not entirely consistent in his account, also testifying that defendant was "dozing off" during the incidents, we note that " '[t]he role of the additional evidence is only to connect the defendant with the commission of the crime[s], not to prove that [the defendant] committed [them]' " (Reome, 15 NY3d at 192). We further conclude that, " '[i]nasmuch as the conviction is supported by legally sufficient evidence, defense counsel was not ineffective in failing to preserve defendant's legal sufficiency challenge for our review' " (People v Rookard, 156 AD3d 1394, 1395 [4th Dept 2017], lv denied 31 NY3d 1017 [2018]; see People v Hill, 147 AD3d 1501, 1502 [4th Dept 2017], lv denied 29 NY3d 1080 [2017]; People v Goley, 113 AD3d 1083, 1085 [4th Dept 2014]).
Viewing the evidence in light of the elements of the crimes in this nonjury trial (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). On the record before us, the testimony adduced at trial, and any inconsistencies contained therein, "merely presented issues of credibility for the factfinder to resolve" (People v Williams, 179 AD3d 1502, 1503 [4th Dept 2020], lv denied 35 NY3d 995 [2020]; see People v Withrow, 170 [*2]AD3d 1578, 1579 [4th Dept 2019], lv denied 34 NY3d 940 [2019], reconsideration denied 34 NY3d 1020 [2019]), and we see no reason to disturb County Court's credibility determinations here.
Defendant failed to object to the court's questioning of the People's witnesses, and therefore we conclude that defendant "failed to preserve for our review his contention that he was denied a fair trial by the court's questioning of witnesses" (People v West, 129 AD3d 1629, 1630 [4th Dept 2015], lv denied 26 NY3d 972 [2015]; see CPL 470.05 [2]; People v Charleston, 56 NY2d 886, 887 [1982]). In any event, that contention lacks merit. The court was "entitled to question witnesses to clarify testimony and to facilitate the progress of the trial and to elicit relevant and important facts" (People v Williams, 107 AD3d 1516, 1517 [4th Dept 2013], lv denied 21 NY3d 1047 [2013] [internal quotation marks omitted]; see People v Pham, 178 AD3d 1438, 1438-1439 [4th Dept 2019], lv denied 35 NY3d 943 [2020]; People v Pollard, 70 AD3d 1403, 1405 [4th Dept 2010], lv denied 14 NY3d 891 [2010]), and we conclude that it did not improperly "take[] on either the function or appearance of an advocate" (People v Arnold, 98 NY2d 63, 67 [2002]; see People v Yut Wai Tom, 53 NY2d 44, 57-58 [1981]).
We have reviewed defendant's remaining contention and conclude that it does not warrant modification or reversal of the judgment.
Entered: September 30, 2022
Ann Dillon Flynn
Clerk of the Court