■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERESA A. VANDERPOOL, Appellant. [629 NYS2d 307] —Mikoll, J. P. Appeal from a judgment of the County Court of Tioga County (Sgueglia, J.), rendered September 10, 1993, upon a verdict convicting defendant of the crime of criminal possession of a controlled substance in the third degree.

Defendant was indicted on one count of criminal possession of a controlled substance in the third degree. The charges stem from the seizure of 12.74 grams of cocaine found in the bottom of an oil can located in the vehicle defendant was driving, owned by her boyfriend and codefendant, Ronald Vincent (*see, People v Vincent*, 212 AD2d 828, *lv denied* 85 NY2d 915). The drugs were seized pursuant to a search warrant issued upon application of Frank Roney, a State Police Investigator. A suppression hearing revealed that police informants told Roney that Vincent was dealing drugs from his apartment in the Village of Waverly, Tioga County and that defendant was actively involved in the operation. Equipped with a recording device, police informant Melvin Bostwick went to Vincent's home to give him $200 to purchase cocaine. Defendant and Vincent discussed with Bostwick an impending trip to New York City to purchase the cocaine. Based on the information supplied by the police informants, which was verified by tape-recorded conversations, Roney applied for and was issued a search warrant to search, *inter alia*, Vincent, his residence and auto. The search warrant also permitted the search of any persons present at Vincent's home or vehicle during the execution of the warrant. The search warrant was executed on December 16, 1992 after police surveillance disclosed Vincent and defendant leaving Vincent's home at 5:30 A.M. with defendant driving Vincent's vehicle outside Waverly, and their return to Waverly at 2:00 P.M. later that day. The search of the vehicle netted the drugs.

County Court denied defendant's motion to suppress the drugs found in the car. Following a jury trial, defendant was

found guilty and was sentenced as a second felony offender to a prison term of $4^1/_2$ to 9 years. On this appeal, defendant contends that the indictment is jurisdictionally defective, that County Court erred in denying defendant's motion to suppress the physical evidence, and in denying her motion to set aside the indictment and have a special prosecutor appointed.

Addressing defendant's assertions *ad seriatim*, we note that defendant's claims as to jurisdictional infirmity are really directed to the underlying factual allegations. She urges that the indictment is faulty in that it alleges that defendant committed the crime while being aided and abetted by Vincent and it further alleges that defendant was acting in concert with Vincent. Defendant contends that these allegations are inconsistent. She further contends that because one paragraph of the indictment does not allege accomplice liability, it is thus insufficient. Though a bill of particulars was granted to defendant to amplify the charge, defendant never moved to dismiss the indictment as containing contradictions and/or for failure to set out all required elements of the crime charged. Her factual arguments, in this regard, raised for the first time on appeal, are unpreserved for appellate review and we decline to address them (*see*, CPL 470.05 [2]; *see also*, *People v Iannone*, 45 NY2d 589, 600).

To the extent that defendant is claiming a jurisdictional defect, we disagree. Defendant was fairly apprised of the charge against her. The indictment satisfies legal sufficiency and fair notice requirements (*see*, *People v Ray*, 71 NY2d 849, 850). Defendant was informed that she was charged with a specified Penal Law violation. This constituted fair notice of the crime charged. Irrespective of the District Attorney's theory that she was either a principal or an abettor, the notice given was adequate (*see*, *People v Floyd*, 115 AD2d 248, *lv denied* 67 NY2d 651, *sub nom. People v Harris*, 67 NY2d 652).

Defendant next contends that the search warrant executed herein does not pass legal sufficiency under the *Aguilar-Spinelli* test. From the excerpts of the in camera testimony included in the parties' appendices, it is clear that Bostwick testified before County Court about his conversation with defendant and Vincent concerning their trip to New York City to purchase cocaine and that Vincent agreed to get Bostwick four grams of cocaine for every $200 he gave him. Bostwick's testimony established his reliability.

Defendant was present during the conversation and it was clear that she was accompanying Vincent to New York City to make the purchase. Additionally, Roney testified about his

investigation into defendant's and Vincent's drug involvement, Roney's information was supplied by another police informant, whose reliability was verified via a tape recording offered to County Court as part of the search warrant application and by his prior proven reliability in other narcotic investigations resulting in arrests and seizures of narcotic drugs. Clearly, the reliability of the police informants was established. County Court's denial of the motion to suppress was appropriate.

Defendant also urges that her name should have been contained in the search warrant as it could be expected that she would be accompanying Vincent. We find the search warrant adequate in that it ordered the search of the vehicle and any person found therein in conformity with statutory requirements (see, CPL 690.15 [2]). We find defendant's arguments to the contrary to be without merit.

Finally, defendant urges that it was error not to dismiss the indictment or appoint a special prosecutor because Assistant District Attorney Gerald Keene had personally represented defendant in connection with a 1983 burglary charge, as well as members of her family on prior occasions. We note that the prior unrelated criminal charge antedates the instant matter by some 10 years. Defendant did not allege or offer proof of any prejudice accruing to her vis-a-vis Keene's appearance in the matter. At most, we have here the inference of impropriety, which standing alone is not sufficient to require setting aside the indictment (see, Matter of Morgenthau v Crane, 113 AD2d 20, 22).

Crew III, White, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed.