■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL B. TERK, Appellant. [805 NYS2d 738]—

Cardona, P.J. Appeal from a judgment of the County Court of Schoharie County (Bartlett, III, J.), rendered March 16, 2005, upon a verdict convicting defendant of the crime of assault in the third degree.

On December 30, 2003, defendant and the victim were patrons at the Heartbreak Hotel, a restaurant and tavern in the Town of Jefferson, Schoharie County. Although defendant and the victim were longtime acquaintances, defendant had engaged in an affair with the victim's wife earlier that year. At some point during the evening, other patrons heard a commotion in the restroom and observed defendant and the victim alone therein. The victim was unconscious on the floor and had a red mark on his left cheek. Defendant admitted that he had hit the victim once, but claimed he did so in self-defense. Defendant was subsequently charged in a one-count indictment with the crime of assault in the second degree and, following a jury trial, was convicted of the lesser-included crime of assault in the third degree. Defendant was sentenced to 60 days in jail, a fine and a term of probation.

Defendant first claims that the verdict was not founded upon legally sufficient evidence. In order to find defendant guilty of third degree assault, the jury was required to determine that defendant intentionally caused a physical injury to the victim (*see* Penal Law § 120.00 [1]). Additionally, since defendant invoked justification as a defense, the jury was also required to conclude beyond a reasonable doubt that defendant's actions were unjustified (*see* Penal Law § 35.15 [1]; *see also* Penal Law § 25.00 [1]). During his interview with the police, defendant admitted that he punched the victim in the face and there is record evidence that the victim suffered, among other injuries, a broken jaw and a lacerated spleen in the melee (*see* Penal Law § 10.00 [9]; *see also People v Mill*, 300 AD2d 323 [2002], *lv denied* 99 NY2d 617 [2003]; *see generally Matter of Philip A.*, 49 NY2d 198 [1980]). Moreover, defendant's intent to cause physical injury may be inferred from his actions (*see Matter of Dowayne H.*, 278 AD2d 706, 707 [2000]; *see generally People v Rumaner*, 45 AD2d 290, 292 [1974]), as well as from the severity of the victim's injuries (*see People v Tompkins*, 8 AD3d 901, 903 [2004]). Finally, although defendant claimed at the scene that the victim started the altercation by striking him in the back of the head as he used a urinal, a jury could nonetheless reasonably conclude, based on the evidence presented, that defendant need not have resorted to physical force to repel the attack or that he responded in disproportion to the threat he perceived (*see Matter of Y.K.*, 87 NY2d 430, 433-434 [1996]; *People v Mothon*, 284 AD2d 568, 570 [2001], *lv denied* 96 NY2d 865 [2001]; *see also People v Folger*, 292 AD2d 841, 842 [2002], *lv denied* 98 NY2d 675 [2002]). Accordingly, viewing the evidence in a light most favorable to the People (*see People v Reome*, 309 AD2d 1067, 1069 [2003], *lv denied* 2 NY3d 805 [2004]), we

conclude that the People established, prima facie, that defendant committed assault in the third degree and that his actions were not lawful under the circumstances (*see generally People v McManus*, 67 NY2d 541, 545-546 [1986]).

We likewise conclude that the verdict was not contrary to the weight of the evidence. Although there was proof that the victim may have possibly sustained his injuries while being assisted from the tavern or while at home, we defer to the jury's credibility determinations concerning the ultimate cause of such injuries (*see People v Watson [Chippy]*, 299 AD2d 735, 737 [2002], *lvs denied* 99 NY2d 627, 633 [2003]; *see generally People v Bleakley*, 69 NY2d 490, 495 [1987]).

We also do not agree with defendant's claim that several trial errors deprived him of a fair trial. First, notwithstanding defendant's argument to the contrary, our review of the record assures us that defendant was made aware of one juror's relationship with members of the law enforcement community and defendant had the opportunity to inquire of said juror. With regard to the District Attorney's remark during his opening statement concerning witnesses to be called by defendant, we note that the comment was promptly withdrawn and was followed, upon defendant's request, by an extensive curative instruction from County Court (*see People v Beyer*, 21 AD3d 592, 595 [2005]; *see also People v Ramos*, 205 AD2d 404, 405 [1994], *lv denied* 84 NY2d 831 [1994]).

Next, we conclude that County Court did not err in permitting the People to adduce proof concerning defendant's prior third degree assault conviction. CPL 60.40 (2) permits the People to independently prove a previous conviction that "tend[s] to negate" evidence of a positive character trait which has been attributed to the defendant. Here, the jury was explicitly instructed (*compare People v Wright*, 5 AD3d 873, 876 [2004], *lv denied* 3 NY3d 651 [2004]) that proof of the prior assault conviction was introduced solely to rebut the testimony of Frank Goronsky, who had indicated that defendant was a "great guy" whom he had never known to be physically violent. Although the statute speaks of testimony offered by a witness "called by" a defendant (CPL 60.40 [2]), under the particular circumstances of this case, we do not find that the People should have been precluded from rebutting evidence of defendant's good character simply because such evidence was elicited by defendant during cross-examination of a witness for the People. The relevant portion of defendant's cross-examination of Goronsky was clearly intended to evoke testimony concerning defendant's peaceful nature, and it is thus insignificant that Goronsky was not called to the stand by defendant.

Furthermore, defendant failed to demonstrate that he was personally aware of the victim's reputation for violence and quarrelsome nature. Therefore, County Court properly restricted his inquiry of various witnesses upon this topic (*see People v Miller*, 39 NY2d 543, 548-549 [1976]; *People v Sawyer*, 274 AD2d 603, 607 [2000], *affd* 96 NY2d 815 [2001]). In addition, County Court correctly submitted assault in the third degree to the jury as a lesser included offense of assault in the second degree (*see* CPL 1.20 [37]; *compare* Penal Law § 120.00 [1], *with* Penal Law § 120.05 [1]). Based on the evidence presented, a jury could reasonably conclude that defendant intended and caused "physical injury" to the victim but did not intend or cause "serious physical injury" (*compare* Penal Law § 10.00 [9], *with* Penal Law § 10.00 [10]; *see generally People v Butler*, 84 NY2d 627, 631-632 [1994]).

Turning to defendant's next argument, absent a demonstrated need "to protect . . . defendant from actual prejudice arising from a demonstrated conflict of interest or a substantial risk of an abuse of confidence" (*Matter of Schumer v Holtzman*, 60 NY2d 46, 55 [1983]), County Court was not required to disqualify the District Attorney due to his representation of defendant 10 years prior to this matter (*see People v Vanderpool*, 217 AD2d 716, 718 [1995], *lv denied* 86 NY2d 847 [1995]). Finally, even assuming that certain testimony complained of by defendant constituted impermissible hearsay, we nonetheless conclude, in light of the considerable proof of defendant's guilt, that there is no significant probability that defendant would have been acquitted but for the purported error (*see People v Bell*, 5 AD3d 858, 862 [2004]; *see generally People v Crimmins*, 36 NY2d 230 [1975]).

Defendant's remaining claims have been considered and found to be unpersuasive.

Crew III, Peters, Spain and Kane, JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the County Court of Schoharie County for further proceedings pursuant to CPL 460.50 (5).