■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN T. ZINDLE, Appellant. [852 NYS2d 443]—

Malone Jr., J. Appeal from a judgment of the County Court of Otsego County (Burns, J.), rendered September 1, 2006, upon a verdict convicting defendant of the crime of assault in the second degree.

On July 10, 2005, defendant went to a trailer in the Town of Oneonta, Otsego County where he used to live with his girlfriend, Lucinda Thompson, to retrieve some of his personal belongings. She was not home at the time, but had given him permission to enter. She had also made arrangements with Christopher Smith, the father of her two children, to babysit that day. Smith had taken the children to a neighbor's house and was returning to Thompson's trailer when he noticed defendant enter. Upon hearing a commotion, Smith went inside the trailer and he soon became involved in a physical altercation with defendant, during which Smith was repeatedly stabbed with a kitchen knife. When Smith was finally able to subdue defendant and retrieve the knife, defendant fled the scene. Defendant later admitted to police that he had stabbed Smith.

Defendant subsequently waived indictment and was charged in a superior court information with assault in the second degree. Following a jury trial, he was found guilty of the charge and was sentenced to a prison term of seven years, to be followed by three years of postrelease supervision. He now appeals.

Initially, defendant asserts that because he did not intend to injure Smith, the verdict finding him guilty of assault in the second degree is not supported by legally sufficient evidence. However, given defendant's failure to make a particularized motion to dismiss the case on this basis, he has failed to preserve the claim for our review (*see People v Salaam*, 46 AD3d 1130, 1131 [2007]; *People v White*, 41 AD3d 1036, 1037 [2007], *lv denied* 9 NY3d 965 [2007]).

Defendant also contends that the verdict is against the weight of the evidence. In undertaking this inquiry, this Court must first determine "[i]f based on all the credible evidence a different finding would not have been unreasonable" (*People v Bleakley*, 69 NY2d 490, 495 [1987]; *see People v Romero*, 7 NY3d 633, 643 [2006]). If not, this Court must then "like the trier of fact below, 'weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony' " (*People v Bleakley*, 69 NY2d at 495, quoting *People ex rel. MacCracken v Miller*, 291 NY 55, 62 [1943]; *see People v Romero*, 7 NY3d at 643).

Turning to the evidence presented at trial, Smith testified that when he entered the trailer after hearing the sound of something breaking, defendant immediately approached him at close range and demanded that he leave. Smith stated that he "brushed [defendant] back" and told him to get out of his face. He stated that defendant responded by thrusting a knife into

his abdomen and continuing to stab him elsewhere. Smith testified that a struggle ensued which ended with the two men lying on the floor and defendant finally surrendering the knife and leaving the scene. Smith's version of the manner in which the altercation started was corroborated by the only eyewitness, an acquaintance who had accompanied him to the trailer.

Defendant, on the other hand, testified that Smith was the aggressor. According to him, Smith was infuriated when defendant asked Smith to leave the trailer and he punched defendant in the face, grabbed him by the throat, threw him to the floor and proceeded to "stomp" him. Defendant stated that while he was on the floor being beaten, he reached for a knife that he had placed on a nearby chair before Smith had entered the residence and "hurled it," stabbing Smith. He stated that he did not intend to hurt Smith, but wanted Smith to get off of him. Defendant's brother did not witness the start of the altercation, but entered the trailer while the two men were on the floor and, upon seeing that Smith was cut, left to call for help. According to a neighbor who saw defendant with blood on him immediately after he fled the scene, defendant proclaimed that he had "stabbed the mother f. . .*r twice."

Viewing the evidence in a neutral light and acknowledging that "[g]reat deference is accorded to the fact-finder's opportunity to view the witnesses, hear the testimony and observe demeanor" (*People v Bleakley*, 69 NY2d at 495), we conclude that there was evidence presented for the jury to find defendant guilty of assault in the second degree. With regard to his intent and notwithstanding his claim to the contrary, defendant's intent to cause physical injury to Smith (*see* Penal Law § 120.05 [2]) may be inferred by defendant's conduct and the surrounding circumstances (*see People v Steinberg*, 79 NY2d 673, 682 [1992]; *People v Terk*, 24 AD3d 1038, 1039 [2005]). Here, intent is established by Smith's testimony and that of the acquaintance, as well as defendant's actions before, during and after the incident. Consequently, we find that defendant's conviction of assault in the second degree is not against the weight of the evidence.

Defendant further contends that, because he used the knife against Smith in self-defense, County Court erroneously refused to charge the jury on the defense of justification. Preliminarily, we note that "[a] justification defense is established for the use of deadly physical force where the defendant reasonably believed that such force was necessary to protect himself or herself from what he or she reasonably believed was the use or imminent use of deadly physical force by the other person" (*People v*

*Brooks*, 32 AD3d 616, 617 [2006], *lv denied* 8 NY3d 844 [2007]; *see* Penal Law § 35.15 [1], [2]). However, a defendant is not entitled to a jury charge on justification if, viewing the evidence in the light most favorable to the defendant, " 'no reasonable view of the evidence establishes the elements of the defense' " (*People v Grady*, 40 AD3d 1368, 1371 [2007], *lv denied* 9 NY3d 923 [2007], quoting *People v Reynoso*, 73 NY2d 816, 818 [1988]).

Even accepting as true defendant's testimony that Smith was the aggressor, Smith was unarmed and defendant never stated that he feared for his life or that Smith tried to use the knife or any other dangerous instrumentality against him. Thus, it cannot be said that Smith used deadly physical force. Defendant's use of a kitchen knife to stab Smith, on the other hand, did amount to the use of deadly physical force (*see People v Jones*, 24 AD3d 815, 816 [2005], *lv denied* 6 NY3d 777 [2006]). Inasmuch as the evidence does not establish that defendant was justified in using deadly physical force under the circumstances presented, County Court did not err in refusing to charge the jury on the justification defense.

Defendant's remaining contentions, that he was denied the effective assistance of counsel and that his sentence is harsh and excessive, have been considered and are without merit.

Mercure, J.P., Peters, Spain and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.