(April 14, 2011)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD A. NEWLAND, Appellant. [921 NYS2d 396]—

Mercure, J.P. Appeal from a judgment of the County Court of Broome County (Cawley, J.), rendered December 24, 2008, convicting defendant following a nonjury trial of the crimes of assault in the second degree (two counts) and criminal possession of a weapon in the third degree.

In the early morning hours of November 25, 2007, defendant drove to 41 Colfax Avenue in the City of Binghamton, Broome County to pick up his girlfriend, Charlene Burrell, who had been out celebrating her sister's birthday. When defendant arrived, one of Burrell's brothers, Lindy Crea, confronted defendant regarding his treatment of her. Another of Burrell's brothers, Jonathan Crea, joined them outside the residence and a fight broke out between the Creas and defendant, which Burrell's brother-in-law, Ivan Cruz, attempted to break up. At some point, defendant drew a knife and stabbed and slashed both of the Creas, who were unarmed. After an injured Lindy went inside the residence, Jonathan again advanced on defendant. Cruz intercepted Jonathan, at which time defendant reached around Cruz and stabbed Jonathan in the arm. Defendant then left the property, and the Creas thereafter went by ambulance to the hospital for treatment. Defendant was arrested a short time later and, following a bench trial, convicted of two counts of assault in the second degree and one count of criminal possession of a weapon in the third degree. He was sentenced, as a second felony offender, to an aggregate prison term of five years, with five years of postrelease supervision. Defendant appeals.

Initially, we find no abuse of discretion in County Court's *Sandoval* ruling (*see People v Hayes*, 97 NY2d 203, 207-208 [2002]; *People v Sandoval*, 34 NY2d 371, 375-377 [1974]). The court allowed full inquiry into only three of defendant's nine convictions: criminal trespass in the second degree, aggravated unlicensed operation of a motor vehicle in the third degree, and criminal possession of marihuana in the fifth degree, all of which the court concluded manifested defendant's willingness to place his interests above those of the community. The court allowed limited inquiry into defendant's convictions for criminal possession of a controlled substance in the seventh degree and unauthorized use of a motor vehicle in the third degree, and precluded all inquiry into four other convictions, reasoning that the actual or perceived physical violence associated with those convictions might unduly prejudice defendant by suggesting a propensity for violent conduct. Under the circumstances of this

case, the court's ruling represented an appropriate balancing of the probative value of defendant's prior convictions against the risk of unfair prejudice (*see People v Sandoval*, 34 NY2d at 375; *People v Grady*, 40 AD3d 1368, 1370 [2007], *lv denied* 9 NY3d 923 [2007]).

Nor are we persuaded by defendant's contention that the People violated *Brady v Maryland* (373 US 83 [1963]) by failing to turn over to him, until the week before trial, the contents of a 911 call from a neighbor who witnessed the fight. Defendant has not demonstrated that the material was exculpatory or impeaching in nature (*see People v Fuentes*, 12 NY3d 259, 263 [2009]) and, in any event, the prosecution turned the material over to defendant as soon as it was received (*see People v Gragnano*, 63 AD3d 1437, 1443 [2009], *lv denied* 13 NY3d 939 [2010]). Thus, defendant was given "a meaningful opportunity to use the allegedly exculpatory material to cross-examine the People's witnesses or as evidence during his case" (*People v Cortijo*, 70 NY2d 868, 870 [1987]; *see People v Monroe*, 17 AD3d 863, 864 [2005]). It follows that defendant's further claim that the purported *Brady* violation rendered his earlier jury trial waiver involuntary is also without merit.

Defendant next challenges the weight and sufficiency of the evidence.* In our view, however, the People established beyond a reasonable doubt that when defendant wielded his knife, he intended to use it against, or cause physical injury to, another person (*see* Penal Law § 265.02 [1]; § 265.01 [2]; § 120.05 [2]). Intent to cause injury can be inferred from the circumstances (*see People v Ozarowski*, 38 NY2d 481, 491 [1976]; *People v Gonzalez*, 64 AD3d 1038, 1041 [2009], *lv denied* 13 NY3d 796 [2009]; *People v Zindle*, 48 AD3d 971, 973 [2008], *lv denied* 10 NY3d 846 [2008]). Here, although defendant testified that he meant to use the knife only to scare off the other men, the number and type of injuries inflicted upon the victims, which include slashes to both of the Creas' necks and torsos, as well as a deep stab wound to Jonathan's shoulder, coupled with the testimony of other witnesses, establish defendant's intent to harm the Creas.

Defendant also contends that his actions were justified to

---

* Defendant failed to renew his motion to dismiss for lack of legally sufficient evidence at the close of his proof, rendering that issue unpreserved for appellate review. However, since he also argues weight of the evidence, which need not be preserved, we will consider the evidence as to the challenged elements of each crime in that context (*see People v Race*, 78 AD3d 1217, 1219 [2010]; *People v Gonzalez*, 64 AD3d 1038, 1039-1040 [2009], *lv denied* 13 NY3d 796 [2009]).

defend himself against what he reasonably believed to be deadly physical force by the Creas and by Cruz, who he believed to be cooperating with the Creas at the time of the incident (*see* Penal Law § 35.15 [1], [2] [a]). It is uncontroverted, however, that neither the Creas nor Cruz were armed, and there was evidence that defendant sustained only minor injuries. Indeed, eyewitnesses testified that the fight between defendant and the Creas was in the nature of a wrestling match. From this evidence, the factfinder could have concluded that defendant did not reasonably believe that the Creas and Cruz were using or about to use deadly physical force against him (*compare People v Bloomer*, 208 AD2d 1119, 1120 [1994], *lv denied* 85 NY2d 906 [1995], *and People v Longo*, 182 AD2d 1019, 1021 [1992], *lv denied* 80 NY2d 906 [1992], *with People v Jones*, 59 AD3d 864, 867 [2009]). Additionally, several witnesses testified that the fight periodically abated such that defendant could have retreated to his car, which was parked at the curb with the engine running. The ability to safely retreat will negate the justification defense (*see* Penal Law § 35.15 [2] [a]; *People v Russell*, 91 NY2d 280, 290 [1998]). Considering all of the evidence in a neutral light and according due deference "to the fact-finder's opportunity to view the witnesses, hear the testimony and observe demeanor" (*People v Bleakley*, 69 NY2d 490, 495 [1987]; *accord People v Race*, 78 AD3d 1217, 1219 [2010]), we find that the verdict was not against the weight of the evidence.

Nor are we persuaded by defendant's further arguments for reversal. His failure to move to dismiss the indictment on statutory speedy trial grounds (*see* CPL 30.30) effectively waived that claim (*see* CPL 210.20 [2]; *People v Lawrence*, 64 NY2d 200, 203 [1984]). His claim of prosecutorial misconduct is not supported by the record (*see People v Williamson*, 77 AD3d 1183, 1185 [2010]; *People v Dickson*, 58 AD3d 1016, 1018 [2009], *lv denied* 12 NY3d 852 [2009]). Moreover, he received meaningful representation; his counsel, among other things, pursued a reasonable defense, presented cogent opening and closing arguments, effectively cross-examined witnesses, made appropriate objections and secured an acquittal on the two top counts of the indictment (*see People v Williamson*, 77 AD3d at 1185). And finally, his sentence is not unduly harsh given the victims' injuries and his own extensive criminal history (*see People v Adams*, 51 AD3d 1136 [2008], *lv denied* 11 NY3d 784 [2008]).

Defendant's remaining contentions are unpreserved and do not warrant reversal in the interest of justice.

Rose, McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.