■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS ZINKHEN, Appellant. [933 NYS2d 437]—

Malone Jr., J.

In 2009, defendant was charged in an indictment with bur-

glary in the second degree, grand larceny in the fourth degree, criminal possession of stolen property in the fourth degree, forgery in the second degree and petit larceny. He thereafter moved for an order dismissing the indictment on the ground that actual prejudice, inherent impropriety and a conflict of interest arose from the fact that the Ulster County District Attorney had previously represented him while the District Attorney was a member of the Public Defender's office. Alternatively, defendant requested that the District Attorney's office be disqualified and a special prosecutor be appointed. County Court denied the motion and, following a trial, the jury convicted defendant as charged. County Court sentenced defendant, as a prior violent felony offender, to concurrent prison terms resulting in an aggregate sentence of 12 years, to be followed by five years of postrelease supervision. Defendant now appeals.

We affirm. Defendant's sole contention on appeal is that County Court erred in denying his motion to have the indictment dismissed or the District Attorney's office disqualified based upon a conflict of interest. Generally, a public prosecutor should be removed "only to protect a defendant from actual prejudice arising from a demonstrated conflict of interest or a substantial risk of an abuse of confidence" (*Matter of Schumer v Holtzman*, 60 NY2d 46, 55 [1983]; *accord People v Arbas*, 85 AD3d 1320, 1322 [2011], *lv denied* 17 NY3d 813 [2011]). Here, defendant neither alleges any actual prejudice due to the prior representation nor provides any proof of actual prejudice or "a substantial risk of an abuse of confidence" (*Matter of Schumer v Holtzman*, 60 NY2d at 55), despite being provided access to the Public Defender's case file regarding the previous representation. Without such proof, we are left with an inference of impropriety, which is not enough on its own to require County Court to dismiss the indictment or disqualify the District Attorney's office (*see People v Terk*, 24 AD3d 1038, 1041 [2005]; *People v Vanderpool*, 217 AD2d 716, 718 [1995], *lv denied* 86 NY2d 847 [1995]).

Mercure, J.P., Peters, Kavanagh and Stein, JJ., concur. Ordered that the judgment is affirmed.