## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:    November 20, 2014            104458

_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,
            v                                   MEMORANDUM AND ORDER

STEPHEN A. GIROUX,
                        Appellant.
_____

Calendar Date:   October 17, 2014

Before:   Stein, J.P., McCarthy, Garry, Lynch and Devine, JJ.

_____

        Sandra M. Colatosti, Albany, for appellant.

        Andrew J. Wylie, District Attorney, Plattsburgh (Nicholas
J. Evanovich of counsel), for respondent.

_____

Garry, J.

        Appeal from a judgment of the County Court of Clinton
County (McGill, J.), rendered May 24, 2010, upon a verdict
convicting defendant of the crimes of criminal sale of a
controlled substance in the third degree and criminal possession
of a controlled substance in the third degree.

        Defendant was charged with one count each of criminal sale
of a controlled substance in the third degree and criminal
possession of a controlled substance in the third degree arising
out of his sale of cocaine to a police informant.  Defendant
thereafter moved for the disqualification of the Clinton County
District Attorney and the appointment of a special prosecutor on
the grounds that the District Attorney had previously represented
him in several criminal and domestic relations matters and had

obtained potentially prejudicial confidential information. County Court denied defendant's motion. Defendant was ultimately convicted as charged following a jury trial, and now appeals.

Defendant's sole contention upon appeal is that County Court erred in denying his motion for a special prosecutor, because the District Attorney had previously represented him on driving while intoxicated charges and various domestic relations matters and, while acting in that capacity, had obtained confidential information that created a substantial risk of prejudice with regard to the drug charges. The District Attorney admittedly had, in the course of his prior private practice, been associated with a law firm that had represented defendant in some matters. However, the District Attorney asserted that he had not served as defendant's primary attorney, and that his involvement in defendant's representation was significantly limited; he stated that he had not obtained any confidences or information, and had no recollection of any privileged communications with defendant or conversations relative to any alleged use of drugs or alcohol abuse. In sum, the District Attorney denied having obtained any confidential information that could be prejudicial to defendant in the pending prosecution.

Ordinarily, "[a] public prosecutor should be removed only to protect a defendant from actual prejudice arising from a demonstrated conflict of interest or a substantial risk of an abuse of confidence" (People v Zinkhen, 89 AD3d 1319, 1320 [2011], lv denied 18 NY3d 964 [2012] [internal quotation marks and citations omitted]; see Matter of Schumer v Holtzman, 60 NY2d 46, 55 [1983]; People v Terk, 24 AD3d 1038, 1041 [2005]). Here, the fact that the District Attorney may have previously represented defendant in prior, unrelated criminal matters, without more, does not require his disqualification (see People v Vanderpool, 217 AD2d 716, 718 [1995], lv denied 86 NY2d 847 [1995]; People v Early, 173 AD2d 884, 885 [1991], lv denied 79 NY2d 1000 [1992]). Further, although the District Attorney sought to impeach defendant using prior contempt convictions arising from marital problems that defendant alleges he had discussed with the District Attorney, County Court's refusal to allow any inquiry into the underlying facts of these convictions eliminated any possible avenue by which the District Attorney

might have utilized any confidential information that he may have acquired (see People v Rankin, 149 AD2d 987, 987 [1989]).  As 16 years had passed since any such alleged confidences had been shared, the passage of time had also diminished the risk of prejudice (see People v Martin, 2 AD3d 1336, 1337 [2003], lv denied 1 NY3d 603 [2004]; People v Vanderpool, 217 AD2d at 718).  As defendant did not demonstrate a substantial risk of an abuse of confidence or any actual prejudice, we find no error in County Court's determination (see People v Zinkhen, 89 AD3d at 1320; People v Arbas, 85 AD3d 1320, 1322 [2011], lv denied 17 NY3d 813 [2011]).

Stein, J.P., McCarthy, Lynch and Devine, JJ., concur.


ORDERED that the judgment is affirmed.




ENTER:

Robert D. Mayberger
Clerk of the Court