People v Williams (2018 NY Slip Op 03392)





People v Williams


2018 NY Slip Op 03392


Decided on May 10, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 10, 2018

107911

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
TALISHA . WILLIAMS, Appellant.

Calendar Date: March 30, 2018

Before: McCarthy, J.P., Clark, Mulvey, Aarons and Rumsey, JJ.


Teresa C. Mulliken, Harpersfield, for appellant.
Weeden A. Wetmore, District Attorney, Elmira (William D. VanDerlinder of counsel), for respondent.


McCarthy, J.P.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered August 24, 2015, upon a verdict convicting defendant of the crime of assault in the second degree.
Defendant was charged in a two-count indictment with attempted assault in the first degree and assault in the second degree. Following a trial, the jury found defendant guilty of assault in the second degree. County Court sentenced her, as a second felony offender, to five years in prison with five years of postrelease supervision. Defendant appeals.
Defendant did not exercise a for-cause or peremptory challenge to juror No. 9 or otherwise object to County Court's
questioning of her or her being seated as a juror. Thus, defendant's current arguments concerning that juror are not preserved for our review (see People v Colburn, 123 AD3d 1292, 1295 [2014], lv denied 25 NY3d 950 [2015]).
The jury's verdict, including its rejection of defendant's justification defense, was not against the weight of the evidence. Given that another verdict would not have been unreasonable, we "must weigh the relative probative force of conflicting testimony and the relative strength of the conflicting inferences that may be drawn from the testimony while viewing the evidence in a neutral light and giving deference to the jury's credibility assessments" (People v Johnson, 91 AD3d 1194, 1196 [2012] [internal quotation marks and citations omitted], lv denied 18 NY3d 995 [2012]; see People v Green, 121 AD3d 1294, 1294-1295 [2014], lv [*2]denied 25 NY3d 1164 [2015]). As relevant here, "[a] person is guilty of assault in the second degree when . . . [w]ith intent to cause physical injury to another person, he [or she] causes such injury to such person . . . by means of a deadly weapon or a dangerous instrument" (Penal Law § 120.05 [2]). Regarding the defense of justification, unless the defendant is the initial aggressor, he or she may "use physical force upon another person when and to the extent he or she reasonably believes such to be necessary to defend himself, herself or a third person from what he or she reasonably believes to be the use or imminent use of unlawful physical force by such other person" (Penal Law § 35.15 [1]). However, "[a] person may not use deadly physical force upon another person" unless he or she "reasonably believes that such other person is using or about to use deadly physical force" (Penal Law § 35.15 [2] [a]). When the defense of justification is asserted, the People must prove beyond a reasonable doubt that the defendant's actions were not justified (see Penal Law § 25.00 [1]; People v Hamilton, 133 AD3d 1090, 1091 [2015]).
It is undisputed that defendant struck the victim in the face with an object, causing an injury that required 21 sutures. Defendant testified that she was scared of the victim, who had threatened her in the past. According to defendant, she was leaving a party after the host ordered everyone out and locked the door. Defendant had to walk past the victim, who was standing at the bottom of the porch steps. The witnesses agreed that defendant descended the steps, was standing face to face with the victim and the two had a loud verbal disagreement, although there is a discrepancy as to who started that argument. Defendant testified that the victim's friends gathered around and appeared to be preparing to fight. The victim poked and pushed defendant, while holding a beer bottle in her hand. Defendant then swung her hand, in which she held a cell phone and a purse with decorative chains on it, striking the victim in the face. Others held the victim back as defendant ran away. According to defendant, the glass face of her cell phone allegedly shattered when it hit the victim's face. On cross-examination, defendant admitted that she was never threatened with a dangerous instrument.
The victim and her daughter described a different version of events. According to them, defendant's cousin yelled at the victim that defendant wanted to fight. Defendant then came off the porch and stood very close to the victim, where the two began arguing. The victim and her daughter testified that the victim had no weapons and only a purse in her hands. The victim's daughter testified that she saw a knife with a brown or black handle in defendant's hand. The victim testified that she saw something black in defendant's hand, but she could not tell if it was a knife or a razor. Similar to defendant, these witnesses testified that defendant struck the victim in the face, then ran away while others held the victim back. A physician who treated the victim's injury testified that the wound on her face was a deep, "clear, sharp incision," consistent with having been caused by a sharp object.
It is undisputed that defendant struck the victim, and the evidence supports the conclusion that her deep wound constituted a physical injury. The jury could certainly have inferred that defendant intended to cause such injury. We reject defendant's assertion that the victim's daughter was incredible as a matter of law. Accepting the jury's credibility determinations, it is possible that the jury believed that the victim had no weapons and defendant cut the victim with a knife, rather than the injury being caused by the glass face of a cell phone that was broken upon impact. It was reasonable for the jury to have determined, under those circumstances, that defendant was not justified in using deadly physical force. Accordingly, the jury's verdict, including its rejection of the justification defense, was not against the weight of the evidence (see People v Harden, 134 AD3d 1160, 1163-1164 [2015], lv denied 27 NY3d 1133 [2016]; People v Hamilton, 133 AD3d at 1091-1092; People v Green, 121 AD3d at 1295).
Clark, Mulvey, Aarons and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.