People v Mamadou (2019 NY Slip Op 03697)





People v Mamadou


2019 NY Slip Op 03697


Decided on May 9, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 9, 2019

108165

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
BARRY MAMADOU, Appellant.

Calendar Date: March 27, 2019

Before: Egan Jr., J.P., Devine, Aarons and Rumsey, JJ.


Mitchell S. Kessler, Cohoes, for appellant, and appellant pro se.
Weeden A. Wetmore, District Attorney, Elmira (Sophie J. Marmor of counsel), for respondent.



MEMORANDUM AND ORDER
Aarons, J.
Appeal from a judgment of the County Court of Chemung County (Rich Jr., J.), rendered November 20, 2015, upon a verdict convicting defendant of the crimes of promoting prison contraband in the first degree and assault in the second degree.
Defendant, an inmate at a correctional facility, was involved in a physical altercation with another inmate (hereinafter the victim) in the infirmary that resulted in the victim sustaining bleeding and lacerations to his head. A folded piece of metal was subsequently discovered on the ground near where defendant and the victim fought. Defendant was thereafter charged by indictment with promoting prison contraband in the first degree and assault in the second degree. Following a jury trial, defendant was convicted as charged and sentenced to a term of imprisonment, along with a period of postrelease supervision. Defendant appeals. We affirm.
Defendant first challenges the verdict as against the weight of the evidence. Inasmuch as a contrary result would not have been unreasonable, our task in conducting a weight of the evidence review is to "weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony" (People v Myers, 163 AD3d 1152, 1153 [2018] [internal quotation marks and citation omitted], lv denied 32 NY3d 1066 [2018]; see People v Place, 152 AD3d 976, 977 [2017], lv denied 30 NY3d 1063 [2017]). "In reviewing the evidence, this Court accords great deference to the jury's credibility determinations given its opportunity to hear the testimony and observe the witnesses' demeanor" (People v Brousseau, 149 AD3d 1275, 1276 [2017] [internal quotation marks, brackets and citations omitted]; see People v Green, 121 AD3d 1294, 1294-1295 [2014], lv denied 25 NY3d 1164 [2015]).
With respect to the conviction for promoting prison contraband in the first degree, defendant argues that the evidence failed to establish that he possessed the weapon at issue. At trial, Mickey Pribulick, a correction officer, testified that he responded to a fight in the infirmary [*2]and saw defendant and the victim fighting each other. Pribulick testified that he saw defendant make "slashing motions." He further stated that, after other correction officers secured defendant and the victim, he saw defendant drop a weapon. Pribulick described the weapon as "a metal folded can lid with a tape handle" and stated that it was near the victim when he picked it up from the floor and secured it. Harold Thompson, another correction officer, testified that, when he responded to the fight, he saw defendant punching the victim in the face and head. Thompson also noticed that defendant was attacking the victim with an open palm and making a slashing motion, after which he saw "a lot of blood." Even though Thompson did not see defendant hold or drop a weapon, he testified that when an inmate fought with an open palm, "there's usually something in it," and that a closed fist indicated the absence of weapon.
Viewing the record evidence in a neutral light, we find that the jury could rationally infer that defendant possessed a weapon during the altercation with the victim (see People v Johnson, 24 AD3d 803, 803-804 [2005]; People v Brye, 233 AD2d 775, 776-777 [1996], lv denied 89 NY2d 1009 [1997]). Although defendant denied having a weapon during the altercation and testified that he fought with closed fists, this presented a credibility determination for the jury's resolution, and the jury was free to reject defendant's version of the events. Furthermore, Pribulick was thoroughly cross-examined about what he saw when he responded to the altercation, and the minor inconsistencies in his testimony did not make him inherently unworthy of belief or incredible as a matter of law (see People v Alexander, 160 AD3d 1121, 1123 [2018], lv denied 31 NY3d 1144 [2018]; People v Davis, 155 AD3d 1311, 1317 [2017], lv denied 30 NY3d 1114 [2018]). As such, we see no basis to disturb the verdict with respect to the conviction for promoting prison contraband in the first degree.
We also reject defendant's assertion that the jury's determination convicting him of assault in the second degree was against the weight of the evidence. The record discloses that, following the altercation, the victim was "soaked in blood" and sustained lacerations and multiple contusions. Taking into account Pribulick's description of the discovered weapon and the testimony describing defendant's multiple slashing motions with an open fist, we are satisfied that the conviction for assault in the second degree is supported by the weight of the evidence (see People v Newland, 83 AD3d 1202, 1204 [2011], lv denied 17 NY3d 798 [2011]; People v Zindle, 48 AD3d 971, 973 [2008], lv denied 10 NY3d 846 [2008]).
Defendant contends that there was no proof to contradict his testimony that he acted in self-defense. However, several witnesses to the altercation testified to seeing the victim cowering and in a defensive posture. Indeed, Thompson testified that he did not see the victim punch defendant and that the victim "tr[ied] to defend himself." Furthermore, even if the victim was the initial aggressor, the multiple slashing actions and punches by defendant were not reasonable in response to any perceived threat (see People v Williams, 161 AD3d 1296, 1298 [2018], lv denied 32 NY3d 942 [2018]; People v Terk, 24 AD3d 1038, 1039 [2005]). In view of the foregoing, the jury was entitled to reject defendant's justification defense (see People v Green, 121 AD3d at 1295; People v Fisher, 89 AD3d 1135, 1137-1138 [2011], lv denied 18 NY3d 883 [2012]).
Nor do we find merit in defendant's contention that he received the ineffective assistance of counsel. Defendant assails his counsel's failure to request assault in the third degree as a lesser included charge. In our view, however, the decision not to request that assault in the third degree be charged is consistent with counsel's overall strategy of demonstrating that defendant did not possess a weapon during the altercation. To that end, if the jury believed that theory, defendant could have been acquitted of both charges. Accordingly, on this record, the failure to request a lesser included charge did not amount to ineffective assistance (see People v Rosario, 157 AD3d 988, 994 [2018], lv denied 31 NY3d 1121 [2018]; People v Ackerman, 141 AD3d 948, 950 [2016], lv denied 28 NY3d 1181 [2017]). Defendant also challenges his counsel's failure to request a missing witness charge when the victim did not testify. The record, however, does not indicate that the victim was in the People's control or that he would have provided material testimony (see People v Smith, 157 AD3d 978, 982 [2018], lvs denied 31 NY3d 1087 [2018]). We further note that defendant consented to the victim not testifying. [*3]Viewing the record as a whole, we are satisfied that defendant received meaningful representation (see People v Pratt, 162 AD3d 1202, 1205 [2018], lv denied 32 NY3d 940 [2018]; People v Torres, 14 AD3d 801, 803 [2005], lv denied 4 NY3d 836 [2005]).
Egan Jr., J.P., Devine and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.