People v Signor (2019 NY Slip Op 04502)





People v Signor


2019 NY Slip Op 04502


Decided on June 6, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 6, 2019

110013

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
NICHOLAS SIGNOR, Also Known as ZACHARY SIGNOR, Appellant.

Calendar Date: April 22, 2019

Before: Egan Jr., J.P., Mulvey, Devine, Aarons and Rumsey, JJ.


Law Offices of Michael Pollok, PLLC, Red Hook (Michael S. Pollok of counsel), for appellant.
P. David Soares, District Attorney, Albany (Collin F. D'Arcy of counsel), for respondent.



MEMORANDUM AND ORDER
Devine, J.
Appeal from a judgment of the County Court of Albany County (Carter, J.), rendered January 24, 2018, convicting defendant following a nonjury trial of the crime of assault in the second degree.
In the early morning hours of September 10, 2016, a cab ride home after a night of drinking ended with defendant producing a pocket knife and slashing another passenger. Defendant fled the cab and was soon apprehended in a nearby park. As a result of the attack, he was charged in an indictment with attempted assault in the first degree and assault in the second degree. County Court, following a hearing, suppressed evidence that included the contents of defendant's wallet and cell phone and certain statements he made to investigators. A bench trial ended with County Court finding defendant guilty of assault in the second degree. County Court sentenced defendant to one year in jail, and he appeals.
We affirm. Defendant first challenges the sufficiency and the weight of the evidence supporting the conviction. His legal sufficiency claim is only preserved with regard to his justification defense, the sole focus of his renewed motion to dismiss at the close of all proof at trial (see People v Lane, 7 NY3d 888, 890 [2006]; People v Stahli, 159 AD3d 1055, 1056 [2018], lv denied 31 NY3d 1088 [2018]). Nevertheless, the weight argument requires us to "consider the evidence adduced with respect to each element of the" crime for which defendant was convicted (People v Ash, 162 AD3d 1318, 1318 [2018], lv denied 32 NY3d 1002 [2018]; see People v Hilton, 166 AD3d 1316, 1317-1318 [2018], lv denied 32 NY3d 1205 [2019]). To prove assault in the second degree, the People were obliged to show that defendant intentionally caused physical injury to another person "by means of a deadly weapon or a dangerous instrument" (Penal Law § 120.05 [2]; see Penal Law § 10.00 [9], [12], [13]). In light of defendant's assertion that he acted in self-defense, the People were further required to "demonstrate beyond a [*2]reasonable doubt that . . . defendant did not believe deadly force was necessary or that a reasonable person in the same situation would not have perceived that deadly force was necessary" (People v Umali, 10 NY3d 417, 425 [2008], cert denied 556 US 1110 [2009]; see Penal Law §§ 25.00 [1]; 35.15 [2] [a]; People v Williams, 161 AD3d 1296, 1297 [2018], lv denied 32 NY3d 942 [2018]; People v Gibson, 141 AD3d 1009, 1010 [2016]).[FN1]
The cab's driver and all but one of its several passengers — the exception being defendant's friend and traveling companion — testified at trial. The victim was friends with all of the passengers except for defendant and his friend, who were strangers, and the two groups had a verbal dispute during the cab ride. Defendant testified that his friend was threatened with a beating during this dispute and, although no one else recalled that point, another passenger acknowledged that it was possible. When the cab reached a stop sign, defendant's friend bolted out of it without paying the driver. Defendant quickly tried to exit the cab himself, at which point the victim, believing that defendant was also skipping out on the fare, reached out and restrained defendant. Defendant freed himself by slashing the victim several times in the arm with a pocket knife, a point confirmed by resulting injuries that were consistent with a bladed weapon and defendant's own testimony. Defendant's use of the knife caused deep wounds that required dozens of sutures to close and caused the victim to lose range of motion in one of his fingers. The foregoing proof established that defendant inflicted physical injuries upon the victim with a dangerous instrument, and readily permitted the inference that he intended to do so (see People v Williams, 161 AD3d at 1297-1298; People v Taylor, 118 AD3d 1044, 1045 [2014], lv denied 23 NY3d 1043 [2014]; People v Newland, 83 AD3d 1202, 1204 [2011], lv denied 17 NY3d 798 [2011]).
As for defendant's justification defense, he testified that he was anxious because of the verbal dispute and the threats made to his friend, and that he became fearful for his life when the victim placed him in a chokehold that left him unable to breathe. In contrast, others downplayed the severity of the argument between the two groups, the victim testified that he only blocked or grabbed defendant with his arm and did not place defendant in a chokehold, and the victim, the driver and other passengers all agreed that the physical contact between defendant and the victim was brief. Defendant further acknowledged that the other occupants of the cab were demanding that he pay his fare and that of his absconding friend, making it foreseeable that either the driver or the other passengers might try to stop him if he tried to leave in a hurry. No weapons were displayed or used by the victim, and defendant was later observed to have minor redness and abrasions that his own medical expert acknowledged were not clear indications of forcible choking. This proof, when viewed in the light most favorable to the People (see People v Danielson, 9 NY3d 342, 349 [2007]), was legally sufficient to permit the finding "that defendant did not reasonably believe that the [victim was] using or about to use deadly physical force against him" so as to justify his actions (People v Newland, 83 AD3d at 1205). Moreover, after viewing the evidence in a neutral light and according deference to County Court's "opportunity to view the witnesses, hear the testimony and observe demeanor" (People v Bleakley, 69 NY2d 490, 495 [1987]; see People v Lane, 7 NY3d at 890), we find that the verdict is supported by the weight of the evidence (see People v Gibson, 141 AD3d at 1011-1012; People v Newland, 83 AD3d at 1205).
Defendant next contends that various evidentiary errors warrant reversal, but we do not agree. First, he argues that the testimony of another passenger who identified him in a show-up identification should have been stricken due to a Rosario violation. The violation in question occurred when the People failed to request the police cruiser video of the identification until after it would have been destroyed in the regular course of business. It was accordingly unclear whether this Rosario material ever existed and, if it did, whether its absence was prejudicial to [*3]defendant. Under these circumstances, County Court did not abuse its discretion in addressing the potential violation by permitting itself to make an adverse inference against the People or disregard the passenger's testimony relating to the identification (see People v Olson, 126 AD3d 1139, 1141 [2015], lv denied 25 NY3d 1169 [2015]; People v Davis, 18 AD3d 1016, 1018-1019 [2005], lv denied 5 NY3d 805 [2005]). Second, County Court did not abuse its discretion in permitting the People to elicit testimony that defendant provided a false name to the officer who arrested him (see People v Abdul-Aleem, 133 AD3d 867, 868 [2015], lv denied 27 NY3d 1148 [2016]; People v Miller, 123 AD2d 721, 721 [1986], lv denied 70 NY2d 933 [1987]), and defendant's cross-examination of the officer opened the door to a more probing inquiry on that point.
There are additional allegations by defendant of prosecutorial misconduct in the People's summation and examination of witnesses, many of which are unpreserved for our review (see CPL 470.05 [2]; People v St. Pierre, 141 AD3d 958, 962 [2016], lv denied 28 NY3d 1031 [2016]). In any event, inasmuch as "this was a nonjury trial and there is no indication that County Court's verdict was influenced by [the] alleged conduct," we cannot say that defendant was deprived of a fair trial (People v Ford, 90 AD3d 1299, 1302 [2011], lv denied 18 NY3d 994 [2012]; see People v King, 111 AD3d 1345, 1346 [2013], lv denied 23 NY3d 1022 [2014]).
Defendant's assertion that he received the ineffective assistance of counsel is also unavailing. Defendant points to potential defenses that defense counsel did not pursue, but those defenses are unsupported by the record and had "little or no chance of success" (People v Caban, 5 NY3d 143, 152 [2005]; see People v Martin, 141 AD3d 734, 735-736 [2016], lvs denied 28 NY3d 1074 [2016]; People v Harris, 129 AD3d 1522, 1525 [2015], lv denied 27 NY3d 998 [2016]). He further notes that defense counsel elicited details about the previously-suppressed contents of his wallet and his cell phone, but such served "a legitimate defense strategy" of explaining defendant's behavior after the attack and casting it in an innocuous light (People v Kerley, 154 AD3d 1074, 1078 [2017], lv denied 30 NY3d 1106 [2018]). Other purported deficiencies are raised as well but, after considering the circumstances of this case "in totality and as of the time of the representation," we are satisfied that defendant received "meaningful representation" (People v Baldi, 54 NY2d 137, 147 [1981]).
Defendant failed to preserve his objection to the manner in which sentencing proceedings were conducted, and we perceive no reason to take corrective action in the interest of justice (see CPL 380.50 [1]; People v Wallace, 29 AD3d 1085, 1085 [2006], lv denied 7 NY3d 796 [2006]). Lastly, County Court weighed "the nature and circumstances of the crime and . . . the history and character of" defendant when it opted for a definite sentence of one year in jail over the longer indeterminate prison sentence recommended by the People, and we do not find its sentence to be harsh or excessive (Penal Law § 70.00 [4]; see People v Ward, 180 AD2d 860, 860 [1992]).
Egan Jr., J.P., Mulvey, Aarons and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed, and matter remitted to the County Court of Albany County for further proceedings pursuant to CPL 460.50 (5).



Footnotes

Footnote 1: County Court correctly considered whether defendant was justified in using deadly physical force rather than physical force, as the use of a knife "constituted deadly physical force as a matter of law" (People v Kerley, 154 AD3d 1074, 1075 [2017], lv denied 30 NY3d 1106 [2018]; see People v Hernandez, 165 AD3d 1473, 1480 n 3 [2018]; People v Carey, 159 AD3d 1529, 1530 [2018], lv denied 31 NY3d 1079 [2018]).